**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-1563-DDD-KAS

JAMES S. BENEDICT, CHRISTOPHER BOURJOS, RICHARD T. INGALLS, RANDALL G. JOHNSON, STEVEN E. JONGEWAARD, WILLIAM C. LATHAM, THEODORE LEKAS JR., TIMOTHY A. MCINTOSH, STEVEN POPE, RICK L. RAGAZZO, PAUL W. RUNGE, JEFFREY N. SCHOLZEN, DENNIS M. SHEEHAN, CHRISTOPHER J. SMITH, SCOTT TRCKA, GREGORY G. WHITWORTH and ROBERT D. WILFONG, individually and on behalf of all other similarly situated individuals,

       Plaintiffs,

v.

ROBERT MANFRED, COMMISSIONER OF BASEBALL; THE OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association also d/b/a MAJOR LEAGUE BASEBALL, AZPB LIMITED PARTNERSHIP; ATLANTA NATIONAL LEAGUE BASEBALL CLUB, LLC; BALTIMORE ORIOLES LIMITED PARTNERSHIP; BOSTON RED SOX BASEBALL CLUB L.P.; CHICAGO CUBS BASEBALL CLUB, LLC; CHICAGO WHITE SOX, LTD.; THE CINCINNATI REDS, LLC; CLEVELAND GUARDIANS BASEBALL COMPANY, LLC; COLORADO ROCKIES BASEBALL CLUB, LTD.; DETROIT TIGERS, INC.; HOUSTON ASTROS, LLC; KANSAS CITY ROYALS BASEBALL CLUB LLC; ANGELS BASEBALL LP; LOS ANGELES DODGERS LLC; MARLINS TEAMCO LLC; MILWAUKEE BREWERS BASEBALL CLUB, L.P.; MINNESOTA TWINS, LLC; STERLING METS, L.P.; NEW YORK YANKEES PARTNERSHIP; ATHLETICS INVESTMENT GROUP LLC D/B/A OAKLAND ATHLETICS BASEBALL COMPANY; THE PHILLIES; PITTSBURGH ASSOCIATES; PADRES L.P.; SAN FRANCISCO BASEBALL ASSOCIATES LLC; THE BASEBALL CLUB OF SEATTLE, LLLP; ST. LOUIS CARDINALS, LLC; TAMPA BAY RAYS BASEBALL LTD.; RANGERS BASEBALL, LLC; ROGERS BLUE JAYS BASEBALL PARTNERSHIP; and WASHINGTON NATIONALS BASEBALL CLUB, LLC,

       Defendants.

---

**DEFENDANT COLORADO ROCKIES BASEBALL CLUB, LTD.'S ANSWER TO THE SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

---

For its Answer to the Second Amended Collective and Class Action Complaint of

Plaintiff James S. Benedict, *et al.*, (hereinafter "SAC"), Defendant Colorado Rockies Baseball

Club, Ltd. (d/b/a "Colorado Rockies") (referred to herein as "Defendant" or the "Club"), by and through its attorneys, Proskauer Rose LLP and Faegre Drinker Biddle & Reath LLP, states as follows:

1.      Denies the allegations set forth in Paragraph 1 of the SAC, except admits that Plaintiffs purport to proceed as stated therein.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the SAC.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the SAC.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the SAC.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the SAC.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the SAC.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the SAC.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the SAC.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the SAC.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the SAC.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the SAC.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the SAC.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the SAC.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the SAC.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the SAC.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the SAC.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the SAC.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the SAC.

19.     Denies the allegations set forth in the first sentence of Paragraph 19 of the SAC, except admits that the Office of the Commissioner of Baseball, d/b/a Major League Baseball ("MLB"), is an unincorporated association. Defendant further denies that the excerpts of the Major League Constitution that Plaintiffs included in Appendix A and filed with the initial

Complaint (but neither of the Amended Complaints) are true and accurate copies of the current, operative version of the Major League Constitution, except admits that the current, operative version of the Major League Constitution speaks for itself. Defendant denies the allegations set forth in the second sentence of Paragraph 19 of the SAC, except admits the thirty Major League Baseball Clubs are members of the unincorporated association referenced in the first sentence of Paragraph 19. The third and fourth sentences of Paragraph 19 of the SAC set forth legal conclusions to which no response is required; to the extent a response may be required, Defendant denies those allegations, except admits that MLB may be served at its headquarters and principal place of business, which is the address stated therein.

20.     Denies the allegations set forth in the first sentence of Paragraph 20 of the SAC, except admits that Robert Manfred is the Commissioner of Baseball. Defendant further denies that the excerpts of the Major League Constitution that Plaintiffs included in Appendix A and filed with the initial Complaint (but neither of the Amended Complaints) are true and accurate copies of the current, operative version of the Major League Constitution, except admits that the current, operative version of the Major League Constitution speaks for itself. The second sentence of Paragraph 20 of the SAC sets forth a legal conclusion to which no response is required; to the extent a response may be required, Defendant denies the allegations, except admits that Commissioner Manfred may be served at MLB's headquarters and principal place of business, which is the address stated therein.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the SAC, except admits that the entity doing business as the Arizona Diamondbacks is a Major League Baseball Club.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the SAC, except admits that the entity doing business as the Atlanta Braves is a Major League Baseball Club.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the SAC, except admits that the entity doing business as the Baltimore Orioles is a Major League Baseball Club.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the SAC, except admits that the entity doing business as the Boston Red Sox is a Major League Baseball Club.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the SAC, except admits that the entity doing business as the Chicago White Sox is a Major League Baseball Club.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the SAC, except admits that the entity doing business as the Chicago Cubs is a Major League Baseball Club.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the SAC, except admits that the entity doing business as the Cincinnati Reds is a Major League Baseball Club.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the SAC, except admits that the entity doing business as the Cleveland Guardians is a Major League Baseball Club.

29.     Denies the allegations set forth in Paragraph 29 of the SAC, except admits that Colorado Rockies Baseball Club, Ltd. (d/b/a "Colorado Rockies") is a Major League Baseball Club, and its registered agent for service of process is:

Brian P. Gaffney
2001 Blake Street
Denver, Colorado 80205

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the SAC, except admits that the entity doing business as the Detroit Tigers is a Major League Baseball Club.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the SAC, except admits that the entity doing business as the Houston Astros is a Major League Baseball Club.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the SAC, except admits that the entity doing business as the Kansas City Royals is a Major League Baseball Club.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the SAC, except admits that the entity doing business as the Los Angeles Angels of Anaheim is a Major League Baseball Club.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the SAC, except admits that the entity doing business as the Los Angeles Dodgers is a Major League Baseball Club.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the SAC, except admits that the entity doing business as the Miami Marlins is a Major League Baseball Club.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the SAC, except admits that the entity doing business as the Milwaukee Brewers is a Major League Baseball Club.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the SAC, except admits that the entity doing business as the Minnesota Twins is a Major League Baseball Club.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the SAC, except admits that the entity doing business as the New York Mets is a Major League Baseball Club.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the SAC, except admits that the entity doing business as the New York Yankees is a Major League Baseball Club.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the SAC, except admits that the entity doing business as the Oakland Athletics and/or Oakland A's is a Major League Baseball Club.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the SAC, except admits that the entity doing business as the Philadelphia Phillies is a Major League Baseball Club.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the SAC, except admits that the entity doing business as the Pittsburgh Pirates is a Major League Baseball Club.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the SAC, except admits that the entity doing business as the San Diego Padres is a Major League Baseball Club.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the SAC, except admits that the entity doing business as the San Francisco Giants is a Major League Baseball Club.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the SAC, except admits that the entity doing business as the Seattle Mariners is a Major League Baseball Club.

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the SAC, except admits that the entity doing business as the St. Louis Cardinals is a Major League Baseball Club.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the SAC, except admits that the entity doing business as the Tampa Bay Rays is a Major League Baseball Club.

48.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the SAC, except admits that the entity doing business as the Texas Rangers is a Major League Baseball Club.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the SAC, except admits that the entity doing business as the Toronto Blue Jays is a Major League Baseball Club.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the SAC, except admits that the entity doing business as the Washington Nationals is a Major League Baseball Club.

51.     The allegations set forth in Paragraph 51 of the SAC set forth legal conclusions to which no response is required. To the extent a response may be required, Defendant admits that Plaintiffs invoke the Court's jurisdiction under the statutes listed therein but denies that any acts or omissions took place that would give rise to or otherwise support jurisdiction in this Court.

52.     The allegations set forth in Paragraph 52 of the SAC set forth legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations, except admits that Defendant is located in this District and Division and plays Major League Baseball games against other Major League Baseball Clubs in this District and Division.

53.     Denies the allegations set forth in Paragraph 53 of the SAC.

54.     Denies the allegations set forth in the first sentence of Paragraph 54 of the SAC, except admits that Plaintiffs purport to proceed as stated therein. The second and third sentences of Paragraph 54 set forth legal conclusions to which no response is required; to the extent a response may be required, denies knowledge or information sufficient to form a belief as to the truth of those allegations, except admits that Plaintiffs Lekas and Ragazzo filed charges with the EEOC on or about February 23, 2023, and February 24, 2023, respectively.

55.     Denies the allegations set forth in the first sentence of Paragraph 55 of the SAC, except admits that Plaintiffs purport to proceed as stated therein. The second sentence of Paragraph 55 sets forth legal conclusions to which no response is required; to the extent a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in the second sentence of Paragraph 55.

56.     Denies the allegations set forth in Paragraph 56 of the SAC, except admits that Plaintiffs purport to proceed as stated in the first sentence of Paragraph 56.

57.     Denies the allegations set forth in Paragraph 57 of the SAC, except admits that Commissioner Manfred succeeded Allan H. ("Bud") Selig as Commissioner of Baseball on or about January 25, 2015.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the SAC, except admits that Defendant's scouts evaluate players' skills and may present reports to other persons at the Club. Defendant further admits that certain scouts evaluate players at high schools, colleges, international venues, minor league games, and/or major league games, which can be located away from the scout's home. Defendant further admits that certain of its scouts focus on amateur players and certain of its scouts focus on professional players.

59.     Denies the allegations set forth in Paragraph 59 of the SAC, except admits that certain reports use a scale ranging from 20 to 80, with 80 representing the highest grade. Defendant further admits that these reports may provide information that can assist the Club with respect to player personnel decisions.

60.     Denies the allegations set forth in Paragraph 60 of the SAC.

61.     Denies the allegations set forth in Paragraph 61 of the SAC, and further denies that the excerpts of the Major League Constitution that Plaintiffs included in Appendix A and filed with the initial Complaint (but neither of the Amended Complaints) are true and accurate copies of the current, operative version of the Major League Constitution, except admits that the current, operative version of the Major League Constitutions speaks for itself.

62.     Denies the allegations set forth in Paragraph 62 of the SAC, and further denies that the excerpts of the Major League Constitution that Plaintiffs included in Appendix A and filed with the initial Complaint (but neither of the Amended Complaints) are true and accurate copies of the current, operative version of the Major League Constitution, except admits that the current, operative version of the Major League Constitutions speaks for itself.

63.     Denies the allegations set forth in Paragraph 63 of the SAC, and further denies that the excerpts of the Major League Constitution that Plaintiffs included in Appendix A and filed with the initial Complaint (but neither of the Amended Complaints) are true and accurate copies of the current, operative version of the Major League Constitution, except admits that the current, operative version of the Major League Constitutions speaks for itself.

64.     Denies the allegations set forth in Paragraph 64 of the SAC, and further denies that the excerpts of the Major League Constitution that Plaintiffs included in Appendix A and filed with the initial Complaint (but neither of the Amended Complaints) are true and accurate copies of the current, operative version of the Major League Constitution, except admits that the current, operative version of the Major League Constitutions speaks for itself. Defendant further admits that Plaintiffs purport to have filed excerpts of a version of the Major League Rules in an

Appendix to the initial Complaint (but to neither of the Amended Complaints), and that the current, operative version of the Major League Rules speaks for itself.

65.     Denies the allegations set forth in Paragraph 65 of the SAC, except admits that Plaintiffs purport to quote from a version of the Major League Rules, and that the current, operative version of the Major League Rules speaks for itself.

66.     Denies the allegations set forth in Paragraph 66 of the SAC.

67.     Denies the allegations set forth in the first sentence of Paragraph 67 of the SAC, except admits that the current, operative version of the Major League Rules referenced therein speaks for itself. Defendant denies the allegations set forth in the second sentence of Paragraph 67 of the SAC, except admits that the Commissioner's Office has interpreted Major League Rule 3(k) to apply to scouts. Defendant denies the allegations set forth in the third sentence of Paragraph 67 of the SAC.

68.     Denies the allegations set forth in Paragraph 68 of the SAC, except admits that Plaintiffs purport to set forth a hypothetical scenario not based on actual facts or events, and therefore no response is required.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the SAC.

70.     Denies the allegations set forth in Paragraph 70 of the SAC.

71.     Denies the allegations set forth in Paragraph 71 of the SAC, except admits that Plaintiffs purport to reference an offset policy, which speaks for itself.

72.     Denies the allegations set forth in Paragraph 72 of the SAC.

73.     Denies the allegations set forth in Paragraph 73 of the SAC.

74.      Denies the allegations set forth in Paragraph 74 of the SAC.

75.      Denies the allegations set forth in Paragraph 75 of the SAC.

76.      Denies the allegations set forth in Paragraph 76 of the SAC, except admits that the terms and conditions of employment of Major League Players are set forth in the Basic Agreement, the collective bargaining agreement between the 30 Major League Baseball Clubs and the Major League Baseball Players Association. Defendant further admits that MLB has collective bargaining agreements with its umpires, and that scouts are not unionized.

77.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the SAC.

78.      Denies the allegations set forth in Paragraph 78 of the SAC, except admits Plaintiffs purport to quote excerpts of a statement attributed to Commissioner Manfred.

79.      Denies the allegations set forth in Paragraph 79 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 79 of the SAC.

80.      Denies the allegations set forth in Paragraph 80 of the SAC.

81.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the SAC.

82.      The allegations set forth in Paragraph 82 of the SAC set forth legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations set forth in Paragraph 82 of the SAC.

83.     Denies the allegations set forth in Paragraph 83 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second and fifth sentences of Paragraph 83 of the SAC.

84.     Denies the allegations set forth in Paragraph 84 of the SAC, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether various types of statistical analysis have been among the tools that Scouts have utilized since the early 1900s to better understand the projection of professional baseball players. The first sentence of Paragraph 84 concerns future events to which no response is required; to the extent a response may be required, Defendant denies that any change in approach to evaluating players, including increased reliance on analytics, is a pretext for discrimination.

85.     Denies the allegations set forth in Paragraph 85 of the SAC.

86.     Denies the allegations set forth in Paragraph 86 of the SAC.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the SAC, except denies the allegation set forth in the third sentence of Paragraph 87 of the SAC.

88.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the SAC.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the SAC.

90.     Denies that between August 1, 2022 and December 22, 2022, Ragazzo interviewed with the Club, except admits that Club received a formal application from Ragazzo in December 2022. Denies the allegation contained in the second sentence of Paragraph 90.

Denies the allegations set forth in the third sentence of Paragraph 90, except admits that Sterling Monfort contacted Ragazzo after the interview to inform him of the Club's decision not to hire him.

91.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the SAC.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the SAC.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the SAC.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the SAC, except admits that each Plaintiff purports to sue the specific Clubs that allegedly did not hire him, as well as the MLB Defendants. Defendant further denies that Plaintiffs Benedict, Bourjos, Lekas and Pope sought employment with the Club. Defendant admits that Plaintiff Ragazzo sought employment with the Club and that he was not offered a position.

95.     Denies the allegations set forth in Paragraph 95 of the SAC, except admits that Plaintiffs purport to proceed as stated therein.

96.     Denies the allegations set forth in Paragraph 96 of the SAC.

97.     Denies the allegations set forth in Paragraph 97 of the SAC, except admits that Plaintiffs purport to proceed as stated therein.

98.     Denies the allegations set forth in Paragraph 98, including, but not limited to, subparagraphs (a) through (f), inclusive, of the SAC.

99.     The allegations in Paragraph 99 of the SAC sets forth legal conclusions to which no response is required; to the extent a response may be required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## AS AND TO THE CAUSES OF ACTION

### Count I: Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.
(On Behalf of Plaintiffs and Class)

100.     Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

101.     Denies the allegations set forth in Paragraph 101 of the SAC.

### Count II: Texas Labor Code Chapter § 21.101 et seq. Age Discrimination
(On Behalf of Plaintiff Smith and Class)

102.     Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

103.     Denies the allegations set forth in Paragraph 103 of the SAC.

### Count III: Texas Labor Code Chapter § 21.056 Aiding or Abetting Discrimination
(On Behalf of Plaintiff Smith and Class)

104.     Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

105.     Denies the allegations set forth in Paragraph 105 of the SAC.

### Count IV: California Fair Employment and Housing Act, Cal. Gov't Code § 12900, et seq.
(On Behalf of Plaintiff Ragazzo and Class)

106.     Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

107.      Denies the allegations set forth in Paragraph 107 of the SAC.

**Count V: North Carolina Employment Practices Act, N.C. Gen. Stat. Ann. §§ 143-422.1 to 143-422.3**
(On Behalf of Plaintiff Pope and Class)

108.     Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

109.     Denies the allegations set forth in Paragraph 109 of the SAC.

**Count VI: Alabama Age Discrimination in Employment Act, Ala. Code § 25-1-21**
(On Behalf of Plaintiff Latham and Class)

110.     Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

111.     Denies the allegations set forth in Paragraph 111 of the SAC.

**Count VII: Florida Statute § 760.10(1)(a) et seq.**
(On Behalf of Plaintiff Benedict and Class)

112.     Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

113.     Denies the allegations set forth in Paragraph 113 of the SAC.

**Count VIII: Arizona Civil Rights Act, A.R.S. § 41-1463 et seq.**
(On Behalf of Plaintiff Scholzen and Class)

114.     Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

115.     Denies the allegations set forth in Paragraph 115 of the SAC.

**Count IX: New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York**
(On Behalf of Plaintiff Sheehan and Class)

116.     Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

117.    Denies the allegations set forth in Paragraph 117 of the SAC.

**Count X: Indiana Code § 22-9-2-2 Unfair Employment Practice**
(On Behalf of Plaintiff Trcka and Class)

118.    Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

119.    Denies the allegations set forth in Paragraph 119 of the SAC.

**Count XI: Massachusetts Fair Employment Practices Act (M.G.L. c. 151B)**
(On Behalf of Plaintiff Lekas and Class)

120.    Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

121.    Denies the allegations set forth in Paragraph 121 of the SAC.

**Count XII: Minnesota Human Rights Act Chapter 363A.08 Prohibiting Unfair Discriminatory Practices Relating to Employment or Unfair Employment Practice**
(On Behalf of Plaintiff McIntosh and Class)

122.    Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

123.    Denies the allegations set forth in Paragraph 123 of the SAC.

**Count XIII: Ohio Revised Code, Title 41 Labor and Industry, Section 4112.14 Age Discrimination**
(On Behalf of Plaintiff Jongewaard)

124.    Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

125.    Denies the allegations set forth in Paragraph 125 of the SAC.

**Count XIV: Utah Antidiscrimination Act, Utah Code Ann. § 34A-5-101 et seq.**
(On Behalf of Plaintiff Scholzen and Class)

126.    Incorporates and re-alleges each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

127.    Denies the allegations set forth in Paragraph 127 of the SAC.

## AS AND TO THE JURY DEMAND

128.    Denies the allegations set forth in Paragraph 128 of the SAC, except admits that Plaintiffs purport to proceed as stated therein.

## AS AND TO THE ALLEGATIONS CONCERNING THE PRAYER FOR RELIEF

129.    Denies the allegations set forth in the WHEREFORE clause of the SAC, and further denies that Plaintiffs and/or the purported members of the classes and/or collective are entitled to any of the relief demanded therein or any relief whatsoever.

130.    Denies each and every allegation in the SAC not specifically admitted herein.

## AFFIRMATIVE OR OTHER DEFENSES

In further answer to the SAC, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Colorado Rockies Baseball Club, Ltd. (d/b/a "Colorado Rockies") (hereinafter "Defendant") states as follows for its affirmative and other defenses, without admitting thereby that it necessarily bears the burden of proof on any such defense.

## FIRST AFFIRMATIVE OR OTHER DEFENSE
(Failure to State a Claim)

1.    The SAC, in whole or in part, fails to state a claim upon which relief may be granted or for which the relief sought can be awarded.

## SECOND AFFIRMATIVE OR OTHER DEFENSE
(Improper Venue/Forum Non Conveniens)

2.      Venue is improper or unduly inconvenient.

## THIRD AFFIRMATIVE OR OTHER DEFENSE
(Lack of Subject Matter Jurisdiction)

3.      The SAC, in whole or in part, fails to state a claim for which this Court has

subject matter jurisdiction.

## FOURTH AFFIRMATIVE OR OTHER DEFENSE
(Waiver, Estoppel, Unclean Hands)

4.      Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of

waiver, estoppel, and/or unclean hands.

## FIFTH AFFIRMATIVE OR OTHER DEFENSE
(Statute of Limitations)

5.      Plaintiffs' claims and those of the putative members of the collective and/or

classes are barred, in whole or in part, by the applicable statute(s) of limitations and/or filing

periods, including without limitation, the willfulness provision of the ADEA.

## SIXTH AFFIRMATIVE OR OTHER DEFENSE
(Good Faith/Liquidated Damages)

6.      Defendant acted at all times on the basis of a good faith and reasonable belief that

its actions were in compliance and conformity with all applicable federal and state laws and/or

written administrative regulations, orders, rulings, guidance and/or interpretations. By reason of

the foregoing, Plaintiffs are not entitled to liquidated or penalty damages under federal or state

law.

7.     The Complaint is barred, in whole or in part, because any actions or decisions with respect to Plaintiff's employment were taken or made in good faith and were based on legitimate, business-related reasons and not on Plaintiff's age.

### SEVENTH AFFIRMATIVE OR OTHER DEFENSE
(Laches)

8.     Subject to proof through discovery, Plaintiffs have delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant and thus Plaintiffs' claims are barred by the equitable doctrine of *laches*.

### EIGHT AFFIRMATIVE OR OTHER DEFENSE
(Adequate Legal Remedy)

9.     Plaintiffs' claims for equitable relief are barred because Plaintiffs have an adequate and complete remedy at law, and/or Plaintiffs cannot make the requisite showing to obtain injunctive relief.

### NINTH AFFIRMATIVE OR OTHER DEFENSE
(Failure to Exhaust)

10.     The claims in the SAC, in whole or in part, are barred as to any matters for which Plaintiffs have failed to exhaust, and/or have elected, administrative remedies.

### TENTH AFFIRMATIVE OR OTHER DEFENSE
(Mitigation)

11.     If damaged, which Defendant expressly denies, Plaintiffs failed to make reasonable efforts to mitigate damages.

### ELEVENTH AFFIRMATIVE OR OTHER DEFENSE
(Individual Defendant Robert Manfred)

12.     Individual Defendant Robert Manfred is not an employer within the meaning of the ADEA and/or any of the state laws alleged in the SAC. Plaintiffs' claims against Robert

Manfred are barred, in whole or in part, because Mr. Manfred's actions were performed within the scope of his employment and, therefore, he cannot be liable in an individual capacity.

### TWELFTH AFFIRMATIVE OR OTHER DEFENSE
(Punitive Damages)

13.     Defendant is not liable for punitive damages because neither it nor any of its agents committed any unlawful acts with willful, malicious, or reckless indifference to the protected rights of Plaintiffs, nor did Defendant authorize or ratify such practices.

14.     Defendant reserves the right to and does rely upon such further affirmative or other defenses as may become available during discovery in this action and amend this Answer to assert any such defenses.

WHEREFORE, Defendant Colorado Rockies Baseball Club, Ltd. prays:

1.     That Plaintiffs take nothing by the SAC;

2.     For costs of suit; and

3.     For such other and further relief as the Court deems just and proper.

Dated: October 10, 2023.

PROSKAUER ROSE LLP

*s/ Elise M. Bloom*
Elise M. Bloom
Neil H. Abramson
Adam M. Lupion
Eleven Times Square
New York, New York 10036
Tel. 212.969.3410
ebloom@proskauer.com
nabramson@proskauer.com
alupion@proskauer.com

FAEGRE DRINKER BIDDLE & REATH LLP

*s/ Mary L. Will*
Mary L. Will
Desmonne A. Bennett
Taylor N. Brook
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
mary.will@faegredrinker.com
desmonne.bennett@faegredrinker.com
taylor.brook@faegredrinker.com

***Attorneys for Defendant Colorado Rockies Baseball Club, Ltd.***

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 10th day of October, 2023, a true and correct copy of the foregoing **DEFENDANT COLORADO ROCKIES BASEBALL CLUB, LTD.'S ANSWER TO THE SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** was e-filed with the Court and e-served through CM/ECF which will send notification of such filing to all registered participants.

                           *s/ Veronica Thomas*
                           Veronica Thomas, Legal Administrative Assistant