**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-1563-DDD-KAS

JAMES S. BENEDICT, CHRISTOPHER BOURJOS, RICHARD T. INGALLS, RANDALL G. JOHNSON, STEVEN E. JONGEWAARD, WILLIAM C. LATHAM, THEODORE LEKAS JR., TIMOTHY A. MCINTOSH, STEVEN POPE, RICK L. RAGAZZO, PAUL W. RUNGE, JEFFREY N. SCHOLZEN, DENNIS M. SHEEHAN, CHRISTOPHER J. SMITH, SCOTT TRCKA, GREGORY G. WHITWORTH and ROBERT D. WILFONG, individually and on behalf of all other similarly situated individuals,

      Plaintiffs,

v.

ROBERT MANFRED, COMMISSIONER OF BASEBALL; THE OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association also d/b/a MAJOR LEAGUE BASEBALL, AZPB LIMITED PARTNERSHIP; ATLANTA NATIONAL LEAGUE BASEBALL CLUB, LLC; BALTIMORE ORIOLES LIMITED PARTNERSHIP; BOSTON RED SOX BASEBALL CLUB L.P.; CHICAGO CUBS BASEBALL CLUB, LLC; CHICAGO WHITE SOX, LTD.; THE CINCINNATI REDS, LLC; CLEVELAND GUARDIANS BASEBALL COMPANY, LLC; COLORADO ROCKIES BASEBALL CLUB, LTD.; DETROIT TIGERS, INC.; HOUSTON ASTROS, LLC; KANSAS CITY ROYALS BASEBALL CLUB LLC; ANGELS BASEBALL LP; LOS ANGELES DODGERS LLC; MARLINS TEAMCO LLC; MILWAUKEE BREWERS BASEBALL CLUB, L.P.; MINNESOTA TWINS, LLC; STERLING METS, L.P.; NEW YORK YANKEES PARTNERSHIP; ATHLETICS INVESTMENT GROUP LLC D/B/A OAKLAND ATHLETICS BASEBALL COMPANY; THE PHILLIES; PITTSBURGH ASSOCIATES; PADRES L.P.; SAN FRANCISCO BASEBALL ASSOCIATES LLC; THE BASEBALL CLUB OF SEATTLE, LLLP; ST. LOUIS CARDINALS, LLC; TAMPA BAY RAYS BASEBALL LTD.; RANGERS BASEBALL, LLC; ROGERS BLUE JAYS BASEBALL PARTNERSHIP; and WASHINGTON NATIONALS BASEBALL CLUB, LLC,

      Defendants.

---

**DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

---

## TABLE OF CONTENTS

**Page**

Certificate of Conferral, D.C.COLO.LCivR 7.1 .................................................................1

Preliminary Statement.............................................................................................................1

Statement of Alleged Facts ....................................................................................................3

    A.    Plaintiffs..............................................................................................................3

    B.    Defendants ..........................................................................................................4

    C.    Allegations of Age Discrimination ...................................................................4

Relevant Procedural Background ...........................................................................................4

Legal Standards.......................................................................................................................5

Argument .................................................................................................................................6

I.    All Claims Against Non-Resident Defendants Should Be Dismissed Because the Plaintiffs Have Not Alleged—and Cannot Allege—Any Basis for This Court to Exercise Personal Jurisdiction over Any of Them...............................................6

    A.    This Court Lacks General Jurisdiction over the Non-Resident Defendants. ..........7

    B.    This Court Lacks Specific Jurisdiction over the Non-Resident Defendants..........11

        1.    The Non-Resident Defendants Did Not Purposefully Direct Activities at Forum Residents. ...................................................................12

        2.    This Lawsuit Did Not Result from Alleged Injuries Arising out of the Non-Resident Defendants' Forum-Related Activities. ..............................13

        3.    The Exercise of Specific Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice...............................................14

II.    All Claims Against Non-Resident Defendants Should Be Dismissed Because Plaintiffs Have Not Alleged—and Cannot Allege—Any Facts to Support Venue in This District. ............................................................................................................16

III.    Plaintiffs' North Carolina, Indiana, Alabama, New York City and Utah Claims Should Be Dismissed Against Any Defendant Subject to This Court's Jurisdiction. .......18

    A.    Plaintiffs' Claims Under the North Carolina Employment Practices Act and the Indiana Age Discrimination Act Should Be Dismissed Because Neither Statute Affords a Private Right of Action.............................................................18

    B.    Plaintiffs Lack a Remedy Under The Alabama Age Discrimination in Employment Act Because They Are Pursuing Claims Under The ADEA............19

C.      The SAC Fails to State a Claim Under the New York City Human Rights Law Because Plaintiffs Are Not Residents of, and Cannot Demonstrate Discriminatory Impact in, New York City. ..........................................................20

D.      Plaintiffs' Claims Under the Utah Antidiscrimination Act Should Be Dismissed Because None of the Defendants Is an Employer Under that Statute. ...................................................................................................................22

IV.     The Court Should Dismiss the Texas, California and Ohio Claims Against All Defendants Subject to This Court's Jurisdiction Located Outside of Those Respective States. ..........................................................................................................23

A.      The Court Lacks Subject Matter Jurisdiction Under the Texas Human Rights Commission Act Against Defendants Not Located in Texas. ...............................23

B.      Plaintiffs Have Not Stated a Claim Under the California Fair Employment and Housing Act as to Any Defendant Not Located in California. .......................24

C.      Plaintiffs Cannot State a Claim Under the Ohio Civil Rights Act as to Any Defendant Except for the Two Clubs Located in Ohio...........................................25

V.      The Court Should Dismiss Plaintiffs' Florida, Arizona, Massachusetts and Minnesota Claims Against Certain Defendants for Lack of Article III Standing or, in the Alternative, Failure to State a Claim....................................................................................26

VI.     Plaintiffs' Claims Should Be Dismissed Without Leave to Amend. ................................31

Conclusion .................................................................................................................................32

Practice Standard III(A)(1) Certification .....................................................................................34

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Anderson v. CRST Int'l, Inc.*,
685 F. App'x 524, 525-26 (9th Cir. 2017) ...........................................................................24

*Ann Wang v Gov't Emps. Ins. Co.*,
No. 15-cv-1773 (JS) (ARL), 2016 WL 11469653 (E.D.N.Y. Mar. 31, 2016) .......................21

*Arthur v. Monroe Cnty. Prosecutor's Off.*,
No. 15-cv-01489-WTL-MJD, 2016 WL 1249096 (S.D. Ind. Mar. 29, 2016).........................19

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009)...............................................................................................5

*Benton v. Cameco Corp.*,
375 F.3d 1070 (10th Cir. 2004) ....................................................................................15

*Beyer v. Camex Equip. Sales & Rentals, Inc.*,
2011 WL 2670588, at *3 (D. Colo. July 8, 2011), *aff'd*, 465 F. App'x 817
(10th Cir. 2012).............................................................................................................11

*Brightspot Sols., LLC v. A+ Prod., Inc.*,
No. 20-cv-03335-MEH, 2021 WL 2935942 (D. Colo. July 13, 2021)...................................32

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S. F. Cnty.*,
582 U.S. 255 (2017)..........................................................................................................12

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)...........................................................................................11, 12, 14

*Campbell v. ARCO Marine, Inc.*,
42 Cal. App. 4th 1850, 1859 (1996) ....................................................................................25

*Castillo v. Grames*,
No. 19-cv00057-RJS-DAO, 2020 WL 4739617 (D. Utah June 12, 2020)............................22

*Clark v. Strad Energy Servs., USA, Ltd.*,
No. 17-cv-1242-WJM-KMT, 2018 WL 3647922 (D. Colo. Aug. 1, 2018) ...........................27

*Collins v. Compass Grp., Inc.*,
965 F. Supp. 2d 1321 (N.D. Ala. 2013)...............................................................................20

*Concepcion v. Off. of Comm'r of Baseball*,
No. 22-cv-1017, 2023 WL 4110155 (D.P.R. May 31, 2023) ....................................................9

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)................................................................................................................6, 7, 8

*Dodd-Owens v. Kyphon, Inc.*,
No. 06-cv-3988 JF (HRL), 2007 WL 420191 (N.D. Cal. Feb. 5, 2007)..................................25

*Donatelli v. Nat'l Hockey League*,
893 F.2d 459 (1st Cir. 1990)..............................................................................................9, 10

*E.E. O.C. v. Roark-Whitten Hosp. 2, LP*,
No. 14-cv-00884-MCA-KK, 2016 WL 10587968, at *7 (D.N.M. Mar. 31, 2016) ........................................................................................................................................10, 11

*Epstein v. Ohio State Univ.*,
No. 10-cv-01327-ZLW-CBS, 2010 WL 3927794 (D. Colo. Oct. 4, 2010)............................14

*Forest Guardians v. Forsgren*,
478 F.3d 1149, 1160 (10th Cir. 2007) ....................................................................................5

*Fried v. LVI Servs., Inc.*,
500 F. App'x 39, 42 (2d Cir. 2012)........................................................................................21

*Gallaspy v. Raytheon Technical Servs. Co.*,
No. EP-04-CV-0012-FM, 2005 WL 1902534, at *5-*6 (W.D. Tex. Aug. 9, 2005) ........................................................................................................................................23

*Goff v. Hackett Stone Co.*,
No. 98–7137, 1999 WL 397409, at *1 (10th Cir. June 17, 1999) ..........................................17

*Goodwin v. Bruggeman-Hatch*,
No. 13-cv-02973-REB-MEH, 2014 WL 2109426 (D. Colo. May 20, 2014) ........................31

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915, 924 (2011)........................................................................................................7, 12

*Green v. v. Fishbone Safety Sols., Ltd.*,
No. 16-cv-01594-PAB-KMT, 2017 WL 4012123, at *3 (D. Colo. Sept. 12, 2017) ........................................................................................................................................10

*Hanley v. Int'l Ass'n of Machinists & Aerospace Workers*,
No. 20-cv-6058-CBMAGRX, 2022 WL 2117805 (C.D. Cal. June 1, 2022) ........................24

iv

*Helman v. AMF, Inc.*,
  675 F. Supp. 1163 (S.D. Ind. 1987) ........................................................................21

*Henry v. Jefferson County Personnel Board*,
  519 F. Supp. 2d 1171, 1185-86 (N.D. Ala. 2007), *aff'd on other grounds*, 252
  F. App'x 308 (11th Cir. 2007) ...............................................................................20

*Hoffman v. Parade Publ'ns*,
  15 N.Y.3d 285, 933 N.E.2d 744, 907 N.Y.S.2d 145 (2010) .............................20, 22

*In re Syngenta AG MIR 162 Corn Litig.*,
  No. 14-MD-2591-JWL, 2020 WL 1676487 (D. Kan. Apr. 6, 2020), *aff'd sub
  nom. Kellogg v. Watts Guerra LLP*, 41 F.4th 1246 (10th Cir. 2022) .....................27

*Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*,
  205 F.3d 1244, 1247 (10th Cir. 2000) ......................................................................6

*Jackson v. Pardee Mem'l Hosp. Found., Inc.*,
  No. 21-cv-12-MOC-DSC, 2021 WL 1063792 (W.D.N.C. Mar. 18, 2021) ............19

*Johnson v. North Carolina*,
  905 F. Supp. 2d 712 (W.D.N.C. 2012) ...................................................................18

*Keeton v. Hustler Mag., Inc.*,
  465 U.S. 770, 781 n.13 (1984) ...............................................................................10

*Kennedy v. Mountainside Pizza, Inc.*,
  No. 19-cv-01199-CMA-STV, 2020 WL 4454897 (D. Colo. May 14, 2020) ..........10

*Laufer v. Looper*,
  22 F.4th 871 (10th Cir. 2022) .............................................................................5, 26

*Lawson v. City of Youngstown*,
  912 F. Supp. 2d 527 (N.D. Ohio 2012) ..................................................................26

*Livnat v. Palestinian Auth.*,
  82 F. Supp. 3d 19 (D.D.C. 2015), *aff'd*, 851 F.3d 45 (D.C. Cir. 2017) ....................7

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555, 560–61 (1992) ..................................................................................26

*Mack v. E. Carolina Univ.*,
  No. 21-cv-00108-M, 2022 WL 945595 (E.D.N.C. Mar. 29, 2022) ...................18, 19

*Manton v. California Sports, Inc.*,
  493 F. Supp. 496, 496-98 (N.D. Ga. 1980) ...............................................................9

*Marso v. Safespeed, LLC*,
    No. 19-cv-2671-KHV, 2020 WL 4464410 (D. Kan. Aug. 4, 2020) .......................................12

*McMillan v. Wiley*,
    813 F. Supp. 2d 1238 (D. Colo. 2011) ....................................................................................32

*Melea, Ltd. v. Jawer SA*,
    511 F.3d 1060 (10th Cir. 2007) ..........................................................................................6, 14

*Montgomery v. Bd. of Trs. of Purdue Univ.*,
    849 N.E.2d 1120 (Ind. 2006) .................................................................................................19

*N. Mill St., LLC v. City of Aspen*,
    611 F. Supp. 3d 1141 (D. Colo. 2020), *aff'd on other grounds*, 6 F.4th 1216
    (10th Cir. 2021) ........................................................................................................................5

*Nagim v. Jackson*,
    No. 10-cv-00328-PAB-KLM, 2010 WL 4318896 (D. Colo. Aug. 10, 2010) ........................17

*Noble v. Dorcy Inc.*,
    No. 19-cv-08646ODWJPRX, 2020 WL 4227295 (C.D. Cal. July 23, 2020)...................24, 25

*O'Toole v. Northrop Grumman Corp.*,
    499 F.3d 1218 (10th Cir. 2007) ...............................................................................................8

*Old Republic. Ins. Co. v. Cont'l Motors, Inc.*,
    877 F.3d 895 (10th Cir. 2017) .....................................................................................6, 7, 11

*OMI Holdings, Inc. v. Royal Ins. Co. of Can.*,
    149 F.3d 1086 (10th Cir. 1998) ..........................................................................................5, 14

*Orion Prop. Grp., LLC v. Hjelle*,
    No. 17-cv-2738-KHV, 2018 WL 6570495 (D. Kan. Dec. 13, 2018) ......................................12

*Payne v. Office of the Commissioner of Basebal.*,
    No. 15-cv-03229-YGR, 2016 WL 1394369, at *5 (N.D. Cal. Apr. 8, 2016) ...........................8

*Pedroza v. Ralph Lauren Corp.*,
    No. 19-cv-08639 (ER), 2020 WL 4273988 (S.D.N.Y. July 24, 2020).............................21, 22

*Poehls v. ENSR Consulting & Eng'g*,
    No. 04-cv-8885 MMM (SHx), 2006 WL 8431770, at *20 (C.D. Cal. Aug. 31,
    2006) .................................................................................................................................24, 25

*Raines v. Byrd*,
    521 U.S. 811, 818 (1997)........................................................................................................27

*Rambo v. Am. S. Ins. Co.*,
　839 F.2d 1415, 1419 (10th Cir. 1988) ..................................................................11

*Reniger v. Hyundai Motor Am.*,
　122 F. Supp. 3d 888 (N.D. Cal. 2015) ..................................................................27

*Rosenberg v. Deutsche Bank A.G.*,
　No. 11-cv-02200-WJM-CBS, 2012 WL 3744631 (D. Colo. Aug. 28, 2012)..............11, 14, 31

*Ross v. U.S. Bank Nat'l Ass'n*,
　542 F. Supp. 2d 1014 (N.D. Cal. 2008) ................................................................27

*Sanders v. Anadarko Pet. Corp.*,
　108 Fed. App'x. 139 (5th Cir. Aug. 17, 2004)......................................................23

*Scott v. Buckner Co.*,
　388 F. Supp. 3d 1320 (D. Colo. 2019) ...................................................................5

*Senne v. Kansas City Royals Baseball Corp.*,
　105 F. Supp. 3d 981 (N.D. Cal. 2015) .................................................................8, 9

*Shrader v. Biddinger*,
　633 F.3d 1235, 1240 (10th Cir. 2011) ..............................................................11, 12

*Shell v. Am. Family Rights Ass'n.*,
　899 F. Supp. 2d 1035 (D. Colo. 2012).....................................................................6

*Shepherd v. U.S. Olympic Comm.*,
　94 F. Supp. 2d 1136 (D. Colo. 2000).................................................................13, 14

*Shiber v. Centerview Partners LLC*,
　No. 21-cv-3649 (ER), 2022 WL 1173433 (S.D.N.Y. Apr. 20, 2022) ....................22

*Simon v. E. Ky. Welfare Rights Org.*,
　426 U.S. 26 (1976).................................................................................................27

*Slater Park Land & Livestock, LLC v. U.S. Army Corps of Eng'rs*,
　423 F. Supp. 3d 1076 (D. Colo. 2019)....................................................................5

*Smith v. Pizza Hut, Inc.*,
　No. 09-cv-01632-CMA-BNB, 2011 WL 2791331 (D. Colo. July 14, 2011).........27

*Standifer v. J.B. Hunt Transp., Inc.*,
　No. 22-cv-2069-JAR-GEB, 2022 WL 5038198 (D. Kan. Oct. 4, 2022) ...............16

*Sullivan v. Tagliabue,*
    785 F. Supp. 1076 (D. R.I. 1992) ..............................................................................9

*Summers v. Earth Island Inst.,*
    555 U.S. 488, 493 (2009)...........................................................................................26

*Syeed v. Bloomberg L.P.,*
    568 F. Supp. 3d 314 (S.D.N.Y. 2021)......................................................................21

*Thomas v. Metro. Life Ins. Co.,*
    631 F.3d 1153, 1159 (10th Cir. 2011) ....................................................................27

*Town of S. Whitley v. Cincinnati Ins. Co.,*
    724 F. Supp. 599 (N.D. Ind. 1989), *aff'd*, 921 F.2d 104 (7th Cir. 1990)................19

*Valchar v. Transocean, Inc.,*
    No. CV H-09-01, 2009 WL 10695358 (S.D. Tex. June 12, 2009)....................23, 24

*Vangas v. Montefiore Med. Ctr.,*
    823 F.3d 174 (2d Cir. 2016).................................................................................20, 21

*Waldman v. Palestine Liberation Org.,*
    835 F.3d 317 (2d Cir. 2016), *cert. denied, Sokolow v. Palestine Liberation
    Org.*, 138 S.Ct. 1438 (2018) ......................................................................................7

*Warth v. Seldin,*
    422 U.S. 490 (1975).....................................................................................................27

*Wenz v. Memery Crystal,*
    55 F.3d 1503 (10th Cir. 1995) ....................................................................................5

*Wright v. Waste Pro USA, Inc.,*
    No. 17-cv-02654, 2019 WL 3344040, at *11 (D. S.C. July 25, 2019)....................10

## STATUTES

28 U.S.C. § 1391................................................................................................................2, 16

28 U.S.C. § 1391(b) ..............................................................................................................16

28 U.S.C. § 1391(b)(2) .........................................................................................................16

28 U.S.C. § 1406(a) ................................................................................................................2

I.C. § 22-9-2-1......................................................................................................................19

Age Discrimination in Employment Act ("ADEA") ............................................................. passim

Ala. Code § 25-1-29 ................................................................................................. 20

Alabama Age Discrimination in Employment Act ("AADEA") ......................................... 2, 19, 20

Arizona Civil Rights Act ........................................................................................ 3, 26

California Fair Employment and Housing Act ("FEHA") ................................................ 3, 24, 25

Federal Age Discrimination in Employment Act ............................................................ 19

Fla. Stat. § 760.01(2) ........................................................................................... 15

Florida Civil Rights Act ("FCRA") ......................................................................... 3, 26, 28

Indiana Age Discrimination Act ("IADA") ................................................................. 2, 19

M.G.L. c. 151B .................................................................................................. 26, 29

Massachusetts Fair Employment Practices Act .......................................................... 3, 26

Minnesota Human Rights Act ("MHRA") ...................................................................... 3, 26

New York City Human Rights Law ("NYCHRL") ...................................................... 2, 20, 21, 22

North Carolina Employment Practices Act ................................................................ 18

North Carolina Equal Employment Practices Act ("NCEEPA") ...................................... 2, 18

Ohio Civil Rights Act ("OCRA") ........................................................................ 3, 23, 25, 26

Ohio Rev. Code Ann. § 4112.01(A)(2) ................................................................... 25, 26

Tex. Labor Code Ann. § 21.001 .............................................................................. 15

Texas Human Rights Commission Act ("TCHRA") ................................................... 3, 23, 24

Utah Antidiscrimination Act ("UADA") ................................................................... 2, 22

Utah Code Ann. § 34A-5-102(1)(i)(i)(C) .................................................................. 22

## OTHER AUTHORITIES

Fourteenth Amendment ........................................................................................... 6

Fed. R. Civ. P. 12(b)(1) ................................................................................. passim

Fed. R. Civ. P 12(b)(2)...........................................................................................1, 2, 31

Fed. R. Civ. P. 12(b)(3).......................................................................................1, 2, 5, 17

Fed. R. Civ. P. 12(b)(6)............................................................................................. passim

Defendants move this Court for an Order partially dismissing the claims asserted in the Second Amended Collective and Class Action Complaint ("SAC") (Dkt. 26) pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3) and/or 12(b)(6).

## CERTIFICATE OF CONFERRAL, D.C.COLO.LCIVR 7.1

The undersigned conferred with Plaintiffs' counsel regarding this motion as early as August 22, 2023 and continuing thereafter. Plaintiffs oppose the relief requested. Defendants do not believe the identified defects are curable by further amendment.

## PRELIMINARY STATEMENT

Plaintiffs, former baseball scouts, purport to bring claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and under eleven different states' and one city's anti-discrimination statutes based on the allegation that each was denied employment with one or more MLB Clubs. The SAC names 32 different Defendants; each Plaintiff—none of whom is a Colorado resident—has sued one or more of the 30 Clubs that allegedly refused to hire him along with the Office of the Commissioner of Baseball d/b/a Major League Baseball ("MLB") and Commissioner Manfred (the "MLB Defendants") as alleged joint employers in a single lawsuit in a single forum.

This Court lacks personal jurisdiction over all Defendants who are alleged to be located in jurisdictions outside of Colorado (i.e., all Defendants other than the Colorado Rockies Baseball Club, Ltd.) (collectively, "Non-Resident Defendants"). The sole allegation in the SAC related to jurisdiction over the Non-Resident Defendants is that "each Defendant conducts business in this District and Division by playing, officiating or otherwise conducting Major League baseball [sic] games in this District and Division." Neither that allegation nor any other in the SAC remotely

satisfies Plaintiffs' burden to establish the Non-Resident Defendants' (i) "continuous and systematic" contacts with the forum state such that they can be subject to this Court's general jurisdiction; or (ii) purposeful minimum contacts in the forum state out of which the Plaintiffs' age discrimination claims arise such that this Court can exercise specific jurisdiction. Accordingly, Plaintiffs' claims against the Non-Resident Defendants should be dismissed pursuant to Fed. R. Civ. P 12(b)(2).

The SAC should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) for the independent reason that venue is improper under 28 U.S.C. § 1391. Plaintiffs allege that only one of the 32 Defendants is a resident of this judicial district, and the SAC fails to allege that a substantial part of the events giving rise to Plaintiffs' claims occurred here. Thus, venue in this district is improper.

Further, the Court should dismiss the following claims under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) against the Colorado Rockies and any Non-Resident Defendant subject to this Court's jurisdiction, if any, because:

- <u>North Carolina and Indiana (Counts V and X, respectively)</u>:  Neither the North Carolina Equal Employment Practices Act nor the Indiana Age Discrimination Act affords a private right of action;

- <u>Alabama (Count VI)</u>:  The Alabama Age Discrimination in Employment Act affords a remedy only where a plaintiff is not also seeking relief pursuant to the ADEA, which is not the case here;

- <u>New York City (Count IX)</u>:  The New York City Human Rights Law is inapplicable where, as here, Plaintiffs are not residents of, and do not allege discriminatory impact in, New York City; and

- <u>Utah (Count XIV)</u>:   None of the Defendants is an employer covered by the Utah Antidiscrimination Act.

In addition, the Court should dismiss the following state law claims under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) as to the Colorado Rockies and any Non-Resident Defendant subject to this Court's jurisdiction, if any, because:

- <u>Texas (Counts II and III)</u>: This Court lacks subject matter jurisdiction over Defendants, other than the two Clubs located in Texas (Houston Astros and Texas Rangers), under the Texas Human Rights Commission Act because Plaintiffs do not allege employment with or wrongful conduct by those Defendants in Texas;

- <u>California (Count IV)</u>: Plaintiffs have not alleged discriminatory conduct by any of the non-California-based Defendants (all Defendants other than the MLB Clubs based in California) so as to state a claim under the California Fair Employment and Housing Act against non-California Defendants; and

- <u>Ohio (Count XIII)</u>: Defendants, other than the two Clubs based in Ohio (Cincinnati Reds and Cleveland Guardians), are not employers under the Ohio Civil Rights Act (Count XIII).

Lastly, the Court should dismiss Plaintiffs' claims against the Colorado Rockies and any Non-Resident Defendant subject to this Court's jurisdiction, if any, under the Florida Civil Rights Act (Count VII), the Arizona Civil Rights Act (Count VIII), the Massachusetts Fair Employment Practices Act (Count XI) and the Minnesota Human Rights Act (Count XII) pursuant to Fed. R. Civ. P. 12(b)(1) for lack of Article III standing, or, in the alternative, for failure to state a claim, because there is not a named Plaintiff who alleges harm traceable to each Defendant under each of these statutes.

## STATEMENT OF ALLEGED FACTS

### A.      Plaintiffs

Plaintiffs are former scouts who have previously held scouting positions with one or more of the 30 MLB Clubs. (Dkt. 26 ¶ 1.) None of the Plaintiffs is a resident of Colorado. (*Id.* ¶¶ 2-18.) After their employment ended, Plaintiffs allegedly sought employment with one or more Clubs. (*Id.*) Plaintiffs allege that they were denied employment. (*Id.*) Each Plaintiff is suing only the

specific Club or Clubs that allegedly refused to hire him plus the MLB Defendants under an alleged joint employer theory. (*Id.* ¶¶ 53, 94.)

**B.     Defendants**

With the exception of the Colorado Rockies, the SAC does not allege that any Defendant is a resident of Colorado. (Dkt. 26 ¶¶ 19-50.) With respect to MLB, the SAC alleges that MLB is an unincorporated association that can be served at its offices in New York. (*Id.* ¶¶ 19-20.)  The SAC further alleges that each of the 30 Clubs has a registered agent for service of process in the state where that Club is based (with the exception of the St. Louis Cardinals, whom Plaintiffs allege can be served in Florida). (*Id.* ¶¶ 21-50.)

**C.     Allegations of Age Discrimination**

Plaintiffs allege that the Club Defendants, each acting as a joint employer with the MLB Defendants, violated the ADEA by denying employment to scouts over 40 years of age at various times after 2020 based upon a common plan or practice. (Dkt. 26 ¶ 53.) Plaintiffs allege that this conduct constitutes age discrimination under the ADEA and one or more state and/or city anti-discrimination laws. (*Id.*)

**<u>RELEVANT PROCEDURAL BACKGROUND</u>**

On June 21, 2023, Plaintiffs filed a Collective and Class Action Complaint against Commissioner Manfred, MLB and the 30 MLB Clubs. (Dkt. 1.) On August 3, 2023, Plaintiffs filed a First Amended Collective and Class Action Complaint against the same Defendants that added new factual allegations. (Dkt. 6.) On September 5, 2023, Plaintiffs filed the SAC, which corrected corporate information for certain Clubs. (Dkts. 25,  26.)

## LEGAL STANDARDS

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the SAC "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Slater Park Land & Livestock, LLC v. U.S. Army Corps of Eng'rs*, 423 F. Supp. 3d 1076, 1080 (D. Colo. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* The duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Id.* (citing *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "[O]nly the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citation omitted).

As a threshold matter, Plaintiffs bear the burden of establishing personal jurisdiction. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090 (10th Cir. 1998). Likewise, Plaintiffs bear the burden of presenting a prima facie showing of venue where, as here, Defendants challenge venue under Fed. R. Civ. P. 12(b)(3). *See Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019). Plaintiffs also bear the burden of establishing subject matter jurisdiction. *N. Mill St., LLC v. City of Aspen*, 611 F. Supp. 3d 1141, 1144 (D. Colo. 2020), *aff'd on other grounds*, 6 F.4th 1216 (10th Cir. 2021). A party may challenge subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) through a facial or factual attack. *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022). "A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction." *Id.* (citation omitted).

## **ARGUMENT**

I.   **ALL CLAIMS AGAINST NON-RESIDENT DEFENDANTS SHOULD BE DISMISSED BECAUSE THE PLAINTIFFS HAVE NOT ALLEGED—AND CANNOT ALLEGE—ANY BASIS FOR THIS COURT TO EXERCISE PERSONAL JURISDICTION OVER ANY OF THEM.**

For this Court to exercise personal jurisdiction over the Non-Resident Defendants, Plaintiffs must prove that: (1) Colorado's long-arm statute establishes personal jurisdiction; and (2) the Court's exercise of jurisdiction comports with the due process clause of the Fourteenth Amendment. *Old Republic. Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). "Colorado's long-arm statute is coextensive with the constitutional limitations imposed by the due process clause; therefore, the inquiry collapses into a single inquiry: whether jurisdiction is consistent with the due process clause." *Shell v. Am. Family Rights Ass'n*., 899 F. Supp. 2d 1035, 1048 (D. Colo. 2012). The exercise of personal jurisdiction over a nonresident defendant is constitutionally permissible only if the nonresident defendant has minimum contacts with the forum state and the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065-66 (10th Cir. 2007).

"Depending on their relationship to the plaintiff's cause of action, an out-of-state defendant's contacts with the forum state may give rise to either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction." *Old Republic*, 877 F.3d at 903 (citing *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "General personal jurisdiction means that a court may exercise jurisdiction over an out-of-state party for all purposes." *Id.* (citing *Daimler*, 571 U.S. at 127). Meanwhile, "specific jurisdiction means that a court may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with the forum state." *Id.*

As explained below, Plaintiffs have not met, and cannot meet, their burden to demonstrate that either general or specific jurisdiction exists over the Non-Resident Defendants.

### A.      This Court Lacks General Jurisdiction over the Non-Resident Defendants.

The Non-Resident Defendants do not have sufficient contacts with Colorado for this Court to exercise general jurisdiction. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler*, 571 U.S. at 137 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). As the *Daimler* Court made clear, it would be "unacceptably grasping" to approve the exercise of general jurisdiction whenever a corporation "engages in substantial, continuous, and systematic course of business" in the forum state. *Id.* at 138. Indeed, it is the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State."[1] *Id.* at 139 n.19. "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a ***more stringent*** minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *Old Republic*, 877 F.3d at 904 (citation omitted) (emphasis added).

---

[1] Courts have confirmed that *Daimler*'s "at home" standard applies to unincorporated associations like MLB. *See Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 332 (2d Cir. 2016), *cert. denied, Sokolow v. Palestine Liberation Org.*, 138 S.Ct. 1438 (2018) ("there is no reason to invent a different test for general personal jurisdiction depending on whether the defendant is an individual, a corporation, or another entity"); *Livnat v. Palestinian Auth.*, 82 F. Supp. 3d 19, 25 (D.D.C. 2015), *aff'd*, 851 F.3d 45 (D.C. Cir. 2017) (finding that an unincorporated association was not subject to personal jurisdiction on the same grounds articulated in *Daimler*).

Plaintiffs do not meet this exacting and purposefully high standard. The SAC does not contain a single allegation that the Non-Resident Defendants are domiciled in Colorado, much less have the magnitude of contacts such that they can properly be considered "at home" here. *Daimler*, 571 U.S. at 137, 139 n.19.

Each of the Non-Resident Defendants' only alleged contacts with Colorado are the MLB games played, officiated or otherwise conducted in Colorado. (Dkt. 26 ¶ 52.) However, since 2020, no non-resident Club has played more than ten games per year in Colorado, with most Clubs playing here far less and certain Clubs not playing here at all in the last four seasons.[2]

Courts have repeatedly held that these contacts are legally insufficient to establish personal jurisdiction over non-resident professional sports teams and leagues, including MLB Clubs specifically. For example, in *Payne v. Office of the Commissioner of Baseball***,** the court declined to find general personal jurisdiction in California as to all non-resident Clubs because "merely playing games in the state against California-based teams…[is] not sufficient to subject the Out-of-State Clubs to general personal jurisdiction within California." No. 15-cv-03229-YGR, 2016 WL 1394369, at *5 (N.D. Cal. Apr. 8, 2016); *see also Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1018-19 (N.D. Cal. 2015) (finding no general personal jurisdiction over non-resident Clubs despite their regular travel to California for games and scouting, existence of certain

---

[2] The Court should take judicial notice of the number of times each Club played in Colorado between 2020 and 2023, as there can be no dispute, let alone a reasonable one, concerning this information. *See generally*, *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."). The Colorado Rockies' schedule, and the number of times each Club played here, is readily available. *See* https://www.mlb.com/rockies/schedule/2020-07; https://www.espn.com/mlb/team/schedule/_/name/col/season/2020.

employees based in the state, and their receipt of revenue from internet and television broadcasts in the state); *Concepcion v. Off. of Comm'r of Baseball*, No. 22-cv-1017 (MAJ/BJM), 2023 WL 4110155, at *4 (D.P.R. May 31, 2023), *report and recommendation adopted*, No. 22-cv-1017 (MAJ/BJM), 2023 WL 4109788 (D.P.R. June 21, 2023) (finding no general jurisdiction over MLB, Commissioner, and 30 non-resident Clubs based on allegations that Clubs either employ or send scouts to recruit players in Puerto Rico).

Similarly, in *Sullivan v. Tagliabue*, 785 F. Supp. 1076, 1081 (D. R.I. 1992), the court declined to exercise personal jurisdiction over 21 NFL Clubs in Rhode Island despite the fact that the Clubs traveled in and out of Rhode Island, broadcasted games into Rhode Island, received money from ticket sales in the state and transacted business with Rhode Island banks. The court reached the same conclusion in *Manton v. California Sports, Inc*., finding no general personal jurisdiction over the Los Angeles Lakers in Georgia even though they: (i) played 1-2 games per year in Georgia; (ii) received revenue by way of their broadcast of Georgia games in California; (iii) received $800,000 as its share of the amount paid by TV networks to broadcast NBA games, some of which were played in Georgia; and (iv) received 100% of the gate receipts when the Atlanta Hawks played them in California. 493 F. Supp. 496, 496-98 (N.D. Ga. 1980). Indeed, "[t]o hold otherwise would subject professional sports to actions in any state where they participate, no matter how infrequently, based on an alleged tort committed elsewhere." *Manton*, 493 F. Supp. at 498.

Plaintiffs cannot rely on the presence of the Colorado Rockies here to confer general jurisdiction over MLB, Commissioner Manfred or the other Non-Resident Defendants. *See*, *e.g.*, *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 470 (1st Cir. 1990) ("We reject the idea that,

9

alone in the wide world of unincorporated associations, professional sports leagues are automatically to be yoked to the jurisdiction of every state where any member club may have established minimum contacts.").

Plaintiffs' allegations of a joint employer relationship with the MLB Defendants are equally unavailing because the Colorado Rockies' contacts in this forum cannot be imputed to the MLB Defendants.[3] Allegations of a joint employer relationship where one of the alleged joint employers is a Colorado resident are insufficient to establish jurisdiction over the non-resident alleged joint employers,. *See Kennedy v. Mountainside Pizza, Inc.*, No. 19-cv-01199-CMA-STV, 2020 WL 4454897, at *5 (D. Colo. May 14, 2020), *report and recommendation adopted*, No. 19-cv-01199-CMA-STV, 2020 WL 4448771 (D. Colo. Aug. 3, 2020) (noting that a majority of courts have rejected the joint employer theory of liability as a basis for personal jurisdiction) (citing *Wright v. Waste Pro USA, Inc.*, No. 17-cv-02654, 2019 WL 3344040, at *11 (D. S.C. July 25, 2019) (collecting cases); *Green v. Fishbone Safety Sols., Ltd.*, No. 16-cv-01594-PAB-KMT, 2017 WL 4012123, at *3 (D. Colo. Sept. 12, 2017) (collecting cases).

Instead, each Non-Resident Defendant's contacts with the forum state must be assessed individually. *E.E.O.C.*, 2016 WL 10587968, at *7 (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 n.13 (1984)). That is because "[p]ersonal jurisdiction is proper only 'where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with

---

[3] As noted above, each Plaintiff is suing only the specific Club or Clubs that allegedly refused to hire him plus the MLB Defendants as purported joint employers with each distinct Club. (Dkt. 26 ¶ 94.) Thus, only the MLB Defendants are alleged to be joint employers with the Colorado Rockies, who have been sued by Plaintiffs Benedict, Bourjos, Lekas, Pope and Ragazzo. (*Id.*)

the forum State." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (emphasis in original)).

Because Plaintiffs have not alleged continuous or systematic contacts that render the Non-Resident Defendants "at home" in Colorado—defects that cannot be cured with any amendment—this Court lacks general personal jurisdiction over them.

> **B.    This Court Lacks Specific Jurisdiction over the Non-Resident Defendants.**

Plaintiffs also fail to allege facts necessary to support specific jurisdiction over the Non-Resident Defendants. "A court may assert specific jurisdiction if the defendant has purposefully directed [its] activities at residents of the forum, ***and*** the litigation results from alleged injuries that arise out of or relate to those activities." *Rosenberg v. Deutsche Bank AG*, No. 11-cv-02200-WJM-CBS, 2012 WL 3744632, at *4 (D. Colo. May 22, 2012) (emphasis added), *report and recommendation adopted sub nom. Rosenberg v. Deutsche Bank A.G.*, No. 11-cv-02200-WJM-CBS, 2012 WL 3744631 (D. Colo. Aug. 28, 2012) (citing *Beyer v. Camex Equip. Sales & Rentals, Inc.*, 2011 WL 2670588, at *3 (D. Colo. July 8, 2011), *aff'd*, 465 F. App'x 817 (10th Cir. 2012)).

This purposeful direction requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* (citing *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1419 (10th Cir. 1988)). Even if a Non-Resident Defendant's actions create sufficient minimum contacts related to the Plaintiffs' claims, the Court must still inquire "whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice." *Old Republic*, 877 F.3d at 909 (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011)).

When there is no connection between the defendant's activities and the plaintiff's alleged injuries, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S. F. Cnty.*, 582 U.S. 255, 264 (2017) (citing *Goodyear*, 564 U.S. at 930 n. 6) ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").

Importantly, in a class or collective action context, courts may not consider the hypothetical claims of unnamed putative class members when considering jurisdiction; only the claims of the named plaintiffs are relevant to the specific jurisdiction inquiry. *See Orion Prop. Grp., LLC v. Hjelle*, No. 17-cv-2738-KHV, 2018 WL 6570495, at *7 n. 10 (D. Kan. Dec. 13, 2018) (citations omitted) (holding that "the claims of unnamed members of a proposed class which has not been certified are not relevant to whether the Court has personal jurisdiction over defendant."); *Marso v. Safespeed, LLC*, No. 19-cv-2671-KHV, 2020 WL 4464410, at *5 n.7 (D. Kan. Aug. 4, 2020) (same).

This Court cannot exercise specific jurisdiction over the Non-Resident Defendants because the SAC does not even allege that Plaintiffs' age discrimination claims are related to, much less arose out of, whatever limited contacts the Non-Resident Defendants are alleged to have had in Colorado.

### 1. The Non-Resident Defendants Did Not Purposefully Direct Activities at Forum Residents.

The purposeful direction factor examines whether the defendant's contacts with the forum are attributable to its own actions or are solely the actions of the plaintiffs. *Burger King*, 471 U.S. at 475. The Non-Resident Defendants' only forum-related activities alleged in the SAC are the MLB games played, officiated or otherwise conducted in Colorado. (Dkt. 26 ¶ 52.) As detailed

above, during the period set forth in the SAC, each non-resident Club played between zero and ten (10) games per year in Colorado, and two Clubs played no games at all in Colorado during the relevant period. These activities are insufficient to be deemed purposeful direction at forum residents. *See, e.g., Shepherd v. U.S. Olympic Comm.*, 94 F. Supp. 2d 1136, 1142 (D. Colo. 2000).

Similarly, there is no allegation in the SAC that Defendants reached out to Plaintiffs in Colorado, much less reached out to Plaintiffs in Colorado regarding employment as required under the specific jurisdiction analysis. (*See infra* at I.B.2.) To the contrary, the allegations in the SAC are that the Plaintiffs—all of whom are residents of states other than Colorado—reached out to Clubs located in jurisdictions outside of this state (except for the Colorado Rockies).

### 2.    *This Lawsuit Did Not Result from Alleged Injuries Arising out of the Non-Resident Defendants' Forum-Related Activities.*

Even if Plaintiffs could somehow establish that traveling to Colorado to play baseball games satisfies the purposeful direction prong, Plaintiffs cannot show that their alleged injuries arise out of those activities. Plaintiffs' claims are based on allegations of failure to hire because of their age. (Dkt. 26 ¶¶ 100-127.)

Critically, however, the SAC contains no allegations tying the Non-Resident Defendants' hiring decisions with respect to any of the Plaintiffs to the scant number games played here each year. Indeed, there is no plausible nexus between a Club's employment decisions and the fact that Club happens to play a handful of games in Colorado. Thus, Plaintiffs have not shown—and cannot show—that their claims in this litigation resulted from the Non-Resident Defendants' participation in Major League games in Colorado so as to satisfy the "arise out of" requirement for specific jurisdiction. In these circumstances, courts within this district have found specific personal jurisdiction to be lacking. *See, e.g., Shepherd*, 94 F. Supp. 2d at 1143 (dismissing plaintiff's

discrimination claims against non-resident defendant where claims did not arise out of defendant's alleged contacts with Colorado); *Rosenberg*, 2012 WL 3744632, at *5 (same).

### 3. The Exercise of Specific Jurisdiction Would Offend Traditional Notions of Fair Play and Substantial Justice.

Even if Plaintiffs could demonstrate that their claims arise out of the Non-Resident Defendants' forum-related contacts (which they cannot), the exercise of jurisdiction in this case would offend traditional notions of fair play and substantial justice. *See Melea*, 511 F.3d at 1065-66 (citation omitted). In evaluating this factor, courts consider: (1) the burden on the non-resident defendants, (2) the forum state's interest in resolving the dispute, (3) the plaintiffs' interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *See OMI Holdings*, 149 F.3d at 1095 (citation omitted); *Epstein v. Ohio State Univ.*, No. 10-cv-01327-ZLW-CBS, 2010 WL 3927794, at *2 (D. Colo. Oct. 4, 2010) (citing *Burger King*, 471 U.S. at 477).

The first factor, burden on foreign defendants, weighs against jurisdiction because the burden on the Non-Resident Defendants to litigate here, in many cases thousands of miles away from their home states, would be significant. The second factor, the interest of the forum state, also weighs against exercising jurisdiction because none of the Plaintiffs is a Colorado resident and resolution of Plaintiffs' claims does not require an application of Colorado law. *See OMI Holdings*, 149 F.3d at 1096 (citations omitted). Indeed, Plaintiffs invoke the anti-discrimination laws of eleven different states and one city, but Colorado is not one of them. The third factor "hinges on whether the Plaintiff may receive convenient and effective relief in another forum." *Id.* at 1097. The SAC contains no information suggesting that Colorado is the most efficient forum in

which to litigate Plaintiffs' age discrimination claims. Since Plaintiffs are not Colorado residents and they reside across the country, they cannot credibly allege that this Court is the most convenient forum for them. Thus, the third factor weighs against exercising jurisdiction.

The fourth element—the interstate judicial system's interest in obtaining the most efficient resolution of controversies—turns on the location of witnesses, where the underlying wrong occurred, which forum's law governs the case and whether jurisdiction is necessary to avoid piecemeal litigation. *Id.* (citations omitted). Plaintiffs do not allege that the Non-Resident Defendants committed any underlying wrong in Colorado, and they have not invoked Colorado law in the SAC. The nature of Plaintiffs' failure to hire claims suggests that potential witnesses will be the non-resident Club Defendants' officials involved with hiring scouts, nearly all of whom are located outside of Colorado. As such, this factor also weighs against exercising personal jurisdiction over the Non-Resident Defendants.

The fifth and final factor "focuses on whether the exercise of personal jurisdiction by [the forum] affects the substantive social policy interests of other states or foreign nations." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1080 (10th Cir. 2004) (citation omitted). Because at least some of the states where Plaintiffs reside have an express interest in preventing age discrimination in employment, *see, e.g.,* Fla. Stat. § 760.01(2); Tex. Labor Code Ann. § 21.001, this factor is at least neutral.  On balance, the five factors weigh against exercising personal jurisdiction over the Non-Resident Defendants.

Insofar as this Court has neither general nor specific personal jurisdiction over the Non-Resident Defendants, the Court should dismiss the Non-Resident Defendants for lack of personal jurisdiction.

II. **ALL CLAIMS AGAINST NON-RESIDENT DEFENDANTS SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT ALLEGED—AND CANNOT ALLEGE—ANY FACTS TO SUPPORT VENUE IN THIS DISTRICT.**

This Court should dismiss the SAC for the independent reason that venue is improper as to the Non-Resident Defendants. Plaintiffs predicate venue on 28 U.S.C. § 1391(b)(2) because (i) the Colorado Rockies are located in this district; (ii) each Defendant conducts business in district by playing, officiating or otherwise conducting MLB games in this division; and (iii) a substantial part of the conduct giving rise to Plaintiffs' claims occurred in this district. (Dkt. 26 ¶ 52.) These conclusory allegations are insufficient to establish venue in this judicial district.

The general venue statute, 28 U.S.C. § 1391 ("Section 1391"), applies to Plaintiffs' ADEA claims. *See, e.g., Standifer v. J.B. Hunt Transp., Inc.*, No. 22-cv-2069-JAR-GEB, 2022 WL 5038198, at *3 (D. Kan. Oct. 4, 2022). It provides:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiffs do not satisfy any of these venue provisions. They do not allege that the Non-Resident Defendants are residents of Colorado as required by Section 1391's first sub-paragraph. Plaintiffs' allegations also fail to meet the requirements of the second sub-paragraph because the SAC does not plausibly allege—in a non-conclusory fashion—that a substantial part of the events giving rise to their failure to hire claims occurred in this judicial district.

"[V]enue statutes are generally designed for the benefit of defendants, and in determining what events or omissions give rise to a claim the 'focus [is] on relevant activities of the defendant, not of the plaintiff.'" *Nagim v. Jackson*, No. 10-cv-00328-PAB-KLM, 2010 WL 4318896, at *3 (D. Colo. Aug. 10, 2010), *report and recommendation adopted*, No. 10-cv-00328-PAB-KLM, 2010 WL 4318888 (D. Colo. Oct. 25, 2010) (citing *Goff v. Hackett Stone Co.*, No. 98–7137, 1999 WL 397409, at *1 (10th Cir. June 17, 1999)). Focusing on the Non-Resident Defendants' activities, Plaintiffs do not (and cannot) allege that the Non-Resident Defendants' decisions not to hire Plaintiffs occurred in this district or that any of the actions associated with those decisions, *e.g.*, interviews or other communications initiated by the Non-Resident Defendants, occurred in this district. Moreover, Plaintiffs are not Colorado residents, and they do not allege any activity in this judicial district related to their efforts to obtain employment. Accordingly, Section 1391's second sub-paragraph is also not met.

Finally, as explained above, venue in this district cannot be based on the third sub-paragraph because this Court does not have personal jurisdiction over the Non-Resident Defendants. Thus, this Court should dismiss the SAC for improper venue under Fed. R. Civ. P. 12(b)(3).

III.   **PLAINTIFFS' NORTH CAROLINA, INDIANA, ALABAMA, NEW YORK CITY AND UTAH CLAIMS SHOULD BE DISMISSED AGAINST ANY DEFENDANT SUBJECT TO THIS COURT'S JURISDICTION.**

This Court should dismiss Counts V, VI, IX, X and XIV against all Defendants subject to

personal jurisdiction here under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction

and/or 12(b)(6) for the reasons set forth below.[4]

A.   **Plaintiffs' Claims Under the North Carolina Employment Practices Act and the Indiana Age Discrimination Act Should Be Dismissed Because Neither Statute Affords a Private Right of Action.**

The SAC's claims pursuant to the North Carolina Equal Employment Practices Act

("NCEEPA") (Count V) must be dismissed as to all Defendants subject to this Court's jurisdiction

because no private right of action exists under the statute. As courts in North Carolina have held

multiple times in interpreting the statute, "the Act itself amounts to little more than a declarative

policy statement that affords plaintiffs no statutory remedies or private causes of action for its

violation." *Johnson v. North Carolina*, 905 F. Supp. 2d 712, 724 (W.D.N.C. 2012) (dismissing

plaintiff's NCEEPA claim pursuant to Rule 12(b)(6) and in the alternative Rule 12(b)(1)); *see also*

*Mack v. E. Carolina Univ.*, No. 21-cv-00108-M, 2022 WL 945595, at *3 (E.D.N.C. Mar. 29, 2022)

(dismissing plaintiff's NCEEPA age discrimination claims under Rule 12(b)(6) because no private

---

[4] Defendants' requests for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) are based upon the allegations of the SAC and are made without prejudice to a conflicts of law analysis. Further, the SAC states that each Plaintiff is suing only the specific Clubs that allegedly refused to hire him plus the MLB Defendants as alleged joint employers with those specific Clubs. (Dkt. 26 ¶¶ 53, 94.) Despite this, the allegations of the state law anti-discrimination Counts appear to attempt to set forth claims against *all* Defendants. To the extent the SAC can be construed to assert all state law claims against all Defendants, Plaintiffs lack Article III standing to pursue all such claims and/or the SAC fails to state a claim against all Defendants for the reasons explained herein.

right of action exists); *Jackson v. Pardee Mem'l Hosp. Found., Inc.*, No. 21-cv-12-MOC-DSC, 2021 WL 1063792, at *2 (W.D.N.C. Mar. 18, 2021) (same).

The SAC's claims pursuant to the Indiana Age Discrimination Act ("IADA") (Count X) fail to state a claim for the same reason. The Supreme Court of Indiana has held that "[t]he IADA does not provide for private civil actions." *Montgomery v. Bd. of Trs. of Purdue Univ.*, 849 N.E.2d 1120, 1131 (Ind. 2006); *see also Arthur v. Monroe Cnty. Prosecutor's Off.*, No. 15-cv-01489-WTL-MJD, 2016 WL 1249096, at *2 (S.D. Ind. Mar. 29, 2016) ("[T]he Indiana Age Discrimination Act ('IADA') fails to provide a private right of action."). Accordingly, Plaintiffs cannot pursue their claims against Defendants in court. *See Montgomery*, 849 N.E.2d at 1131.[5]

Based upon the foregoing, the SAC fails to state a claim for which relief may be granted pursuant to the NCEPA or the IADA. Accordingly, Counts V and X should be dismissed as to all Defendants subject to this Court's jurisdiction.

### B. Plaintiffs Lack a Remedy Under The Alabama Age Discrimination in Employment Act Because They Are Pursuing Claims Under The ADEA.

Plaintiffs are barred from maintaining claims under the Alabama Age Discrimination in Employment Act ("AADEA") (Count VI) because they are also pursuing ADEA claims. The

---

[5] In any event, even if a private cause of action existed, none of the Defendants is subject to the IADA. It is limited to employers within the State of Indiana who are not subject to the ADEA. *See* I.C. § 22-9-2-1 ("'Employer' shall mean and include any person in this state employing one (1) or more individuals . . . but does not include . . . a person or governmental entity which is subject to the Federal Age Discrimination in Employment Act."); *see also Town of S. Whitley v. Cincinnati Ins. Co.*, 724 F. Supp. 599, 603 (N.D. Ind. 1989), *aff'd*, 921 F.2d 104 (7th Cir. 1990) ("The Indiana ADEA, I.C. § 22-9-2-1 et seq, was patterned after the Federal ADEA and is intended to provide coverage only where a plaintiff cannot proceed under the federal act.") (citing *Helman v. AMF, Inc.*, 675 F. Supp. 1163 (S.D. Ind. 1987); *Montgomery*, 849 N.E.2d at 1131 (finding that defendant subject to the ADEA is therefore exempt from the IADA).

AADEA contains an election of remedies provision, which states that "[a]ny person aggrieved may elect to pursue their remedies under…the Age Discrimination in Employment Act 29 U.S.C. Section 621 *or in the alternative* bring a civil action [under the AADEA]." Ala. Code § 25-1-29 (emphasis added). As the court in *Henry v. Jefferson County Personnel Board*, explained:

> As a threshold matter, the court notes that Plaintiff cannot pursue both of her claims under the Alabama Age Act and the ADEA in this case . . . Because the plain language of the Alabama Age Act forces a plaintiff to choose either suit under the ADEA or, in the alternative, suit under the Alabama Age Act, and because Plaintiff in this case has filed suit under the ADEA, the court finds that Plaintiff's claim under the Alabama Age Act is duplicative.

519 F. Supp. 2d 1171, 1185-86 (N.D. Ala. 2007), *aff'd on other grounds*, 252 F. App'x 308 (11th Cir. 2007); *see also Collins v. Compass Grp., Inc.*, 965 F. Supp. 2d 1321, 1331-32 (N.D. Ala. 2013) (granting summary judgment of plaintiff's AADEA claims as duplicative of his ADEA claims). As such, all claims against all Defendants subject to this Court's jurisdiction under the AADEA must be dismissed.

### C.   The SAC Fails to State a Claim Under the New York City Human Rights Law Because Plaintiffs Are Not Residents of, and Cannot Demonstrate Discriminatory Impact in, New York City.

Plaintiffs fail to state a claim under the New York City Human Rights Law ("NYCHRL") (Count IX) because they are not residents of New York City and have not alleged any discriminatory impact there. The New York Court of Appeals, New York's highest court, has held that "it is clear from [NYCHRL's] language that its protections are afforded only to those who inhabit or are 'persons in' the City of New York." *Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 289, 933 N.E.2d 744, 746, 907 N.Y.S.2d 145, 147 (2010). Non-residents of New York City "must plead and prove that the alleged discriminatory conduct had an impact within" New York City. *Id.* at 15 N.Y.3d at 289, 933 N.E.2d at 746, 907 N.Y.S.2d at 147; *see also Vangas v. Montefiore Med.*

*Ctr.*, 823 F.3d 174, 183 (2d Cir. 2016) (holding that to state a claim under the NYCHRL "the impact of the employment action must be felt *by the plaintiff in* NYC") (emphasis in original). "The purpose of the impact requirement is to make the NYCHRL 'simple for courts to apply and litigants to follow, lead[ing] to predictable results,' and not necessarily to engage in a fact intensive analysis of all of the plaintiff's ties to New York City." *Pedroza v. Ralph Lauren Corp.*, No. 19-cv-08639 (ER), 2020 WL 4273988, at *2 (S.D.N.Y. July 24, 2020) (citing *Fried v. LVI Servs., Inc.*, 500 F. App'x 39, 42 (2d Cir. 2012)).

The SAC does not allege any facts that meet these requirements. None of the Plaintiffs is a resident of New York City (Dkt. 26 ¶¶ 2-18), and Plaintiffs do not allege that they felt the impact of Defendants' employment decisions within New York City. Only Plaintiff Sheehan alleges to be a resident of the State of New York, but he resides in Glasco, which is in Ulster County, New York—well outside of New York City. (Dkt. 26 ¶ 14.) Moreover, Plaintiffs who allege that they sought employment with Defendants located in New York City (New York Mets, New York Yankees as well as the MLB Defendants under an alleged joint employer theory) cannot satisfy the NYCHRL's impact requirement merely because of those Defendants' locations. *See Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314, 334 (S.D.N.Y. 2021) (dismissing non-resident plaintiff's NYCHRL failure to promote claims where job for which she applied was in New York City because "those allegations are insufficient to plead that Defendant's discrimination had an impact on Plaintiff in New York"); *Ann Wang v Gov't Emps. Ins. Co.*, No. 15-cv-1773 (JS) (ARL), 2016 WL 11469653, at *7 (E.D.N.Y. Mar. 31, 2016) (dismissing non-resident plaintiff's failure to promote claim for failure to meet impact test even though position in question would have required her to work in New York City).

Accordingly, Plaintiffs' claims under the NYCHRL against all Defendants subject to this Court's jurisdiction must be dismissed. *See, e.g., Hoffman*, 15 N.Y.3d at 292, 933 N.E.2d at 748, 907 N.Y.S.2d at 149 (dismissing non-resident plaintiff's NYCHRL claims where he could demonstrate only tangential connections to New York City); *Shiber v. Centerview Partners LLC*, No. 21-cv-3649 (ER), 2022 WL 1173433, at *4 (S.D.N.Y. Apr. 20, 2022) (granting motion to dismiss where plaintiff worked in New Jersey and could not demonstrate an impact in New York City); *Pedroza*, 2020 WL 4273988, at *2 (dismissing plaintiff's NYCHRL claims where she could not demonstrate discriminatory impact in New York City).

**D.   Plaintiffs' Claims Under the Utah Antidiscrimination Act Should Be Dismissed Because None of the Defendants Is an Employer Under that Statute.**

Plaintiffs' claims pursuant to the Utah Antidiscrimination Act ("UADA") (Count XIV) also fail to state a claim because none of the Defendants is an employer covered by the statute. The UADA defines an "employer" to include "a person employing 15 or more employees *within the state* for each working day in each of 20 calendar weeks or more in the current or preceding calendar year." Utah Code Ann. § 34A-5-102(1)(i)(i)(C) (emphasis added). Plaintiffs do not allege that any Defendant has fifteen or more employees within Utah. As such, Count XIV of the SAC should be dismissed. *See, e.g., Castillo v. Grames*, No. 19-cv00057-RJS-DAO, 2020 WL 4739617, at *3 (D. Utah June 12, 2020), *report and recommendation adopted*, No. 19-cv-57-RJS-DAO, 2020 WL 4732121 (D. Utah Aug. 14, 2020) (granting Rule 12(b)(6) motion against defendants who did not meet UADA's definition of "employer").

IV.    **THE COURT SHOULD DISMISS THE TEXAS, CALIFORNIA AND OHIO CLAIMS AGAINST ALL DEFENDANTS SUBJECT TO THIS COURT'S JURISDICTION LOCATED OUTSIDE OF THOSE RESPECTIVE STATES.**

This Court should dismiss Plaintiffs' claims under the Texas Human Rights Commission Act (Counts II and III), the California Fair Employment and Housing Act (Count IV) and the Ohio Civil Rights Act (Count XIII) against all of the Defendants subject to this Court's jurisdiction located outside of those respective states for the reasons set forth below.

A.    **The Court Lacks Subject Matter Jurisdiction Under the Texas Human Rights Commission Act Against Defendants Not Located in Texas.**

This Court lacks subject matter jurisdiction over Plaintiffs' claims pursuant to the Texas Human Rights Commission Act ("TCHRA") (Counts II and III) against all Defendants, other than the two Texas Clubs (Houston Astros and Texas Rangers) (the "Texas Defendants"), because "unlike the ADEA, the TCHRA provides, in pertinent part, that, 'This chapter does not apply to an employer with respect to the employment of a person *outside of this state.'" Valchar v. Transocean, Inc.*, No. CV H-09-01, 2009 WL 10695358, at *3 (S.D. Tex. June 12, 2009) (citing Tex. Lab. Code Ann. § 21.001) (emphasis added); *Sanders v. Anadarko Pet. Corp.*, 108 Fed. App'x. 139, 147 (5th Cir. Aug. 17, 2004) ("[The TCHRA] explicitly precludes coverage of 'an employer with respect to the employment of a person outside this state.'"). In fact, "the TCHRA does not apply to employment decisions made outside of Texas." *Valchar*, 2009 WL 10695358, at *4 (citing *Gallaspy v. Raytheon Technical Servs. Co.*, No. EP-04-CV-0012-FM, 2005 WL 1902534, at *5-*6 (W.D. Tex. Aug. 9, 2005)).

Plaintiffs who sought employment with Clubs outside of Texas have not alleged facts that meet this standard. They do not allege employment discrimination in Texas, and they do not allege that the decisions not to hire them were made in Texas. Accordingly, Counts II and III should be

dismissed as to all Defendants subject to this Court's jurisdiction aside from the Houston Astros and the Texas Rangers. *See Valchar*, 2009 WL 10695358, at *4 (dismissing plaintiff's TCHRA claims for lack of subject matter jurisdiction under Rule 12(b)(1) and under Rule 56 where plaintiff was employed outside of Texas during period of alleged discrimination and employment decisions at issue were not made in Texas).

### B. Plaintiffs Have Not Stated a Claim Under the California Fair Employment and Housing Act as to Any Defendant Not Located in California.

The SAC fails to state a clam under the California Fair Employment and Housing Act ("FEHA") (Count IV) against all Defendants, other than the Clubs located in California (*i.e.*, all Defendants except for the Los Angeles Angels, Los Angeles Dodgers, Oakland Athletics, San Diego Padres, and the San Francisco Giants, collectively, the "California Defendants"), because Plaintiffs have not alleged that the Non-California Defendants' wrongful conduct occurred in California.

The Ninth Circuit has held "[t]he text of the FEHA does not provide for its extraterritorial application, nor does its 'purpose, subject matter or history,'" and thus concluded FEHA claims based on conduct that occurred outside California fail as a matter of law. *Hanley v. Int'l Ass'n of Machinists & Aerospace Workers*, No. 20-cv-6058-CBMAGRX, 2022 WL 2117805, at *6 (C.D. Cal. June 1, 2022) (citing *Anderson v. CRST Int'l, Inc.*, 685 F. App'x 524, 525-26 (9th Cir. 2017)) (concluding that a California resident's FEHA claims failed as a matter of law because the conduct giving rise to those claims occurred outside of California).

"To determine whether FEHA applies, courts must answer the threshold question of whether the offending conduct occurred within California." *Noble v. Dorcy Inc.*, No. 19-cv-08646ODWJPRX, 2020 WL 4227295, at *3 (C.D. Cal. July 23, 2020) (citing *Poehls v. ENSR*

*Consulting & Eng'g*, No. 04-cv-8885 MMM (SHx), 2006 WL 8431770, at *20 (C.D. Cal. Aug. 31, 2006)). "FEHA does not apply uniformly 'to all California-based employers regardless of where the aggrieved employee resides and regardless of where the tortious conduct took place.'" *Id.* (citing *Campbell v. ARCO Marine, Inc.*, 42 Cal. App. 4th 1850, 1859 (1996) (finding that FEHA does not apply, although the defendant company was headquartered in California, as the alleged tortious conduct occurred while at sea or near the state of Washington)). "Instead, to state a claim under FEHA, the plaintiff must show either that she had been employed in California or that the allegedly tortious conduct took place in California." *Id.* (citations omitted) "If California-based employees participated in or ratified the alleged tortious conduct, the complaint must so state with specificity so that the Court can determine if these actions are sufficient to state a claim under FEHA." *Dodd-Owens v. Kyphon, Inc.*, No. 06-cv-3988 JF (HRL), 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007).

The SAC contains no facts that would permit a plausible inference that the decisions not to hire Plaintiffs were made in California for any of the Non-California Defendants. Accordingly, all claims under FEHA should be dismissed against all Defendants subject to this Court's jurisdiction other than the California Defendants.

### C.     Plaintiffs Cannot State a Claim Under the Ohio Civil Rights Act as to Any Defendant Except for the Two Clubs Located in Ohio.

Plaintiffs' claims pursuant to the Ohio Civil Rights Act ("OCRA") (Count XIII) fail to state a claim against all Defendants except for the Cincinnati Reds and the Cleveland Guardians (the "Ohio Defendants"). The OCRA defines "employer" as "the state, any political subdivision of the state, or *a person employing four or more persons within the state*, and any agent of the state, political subdivision, or person." Ohio Rev. Code Ann. § 4112.01(A)(2) (emphasis added). No

Defendant other than the Cincinnati Reds and the Cleveland Guardians meets the definition of an "employer" under the OCRA, as Plaintiffs do not allege that those Defendants have four (4) or more employees in Ohio. Thus, Count XIII of the SAC should be dismissed as to all Defendants except for the Cincinnati Reds and the Cleveland Guardians. *See, e.g., Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (refusing reconsideration of order granting motion to dismiss plaintiff's OCRA claim where "[t]he plain language of R.C. § 4112.01 does not expressly provide statutory authority" to sue the moving defendant).

## V. THE COURT SHOULD DISMISS PLAINTIFFS' FLORIDA, ARIZONA, MASSACHUSETTS AND MINNESOTA CLAIMS AGAINST CERTAIN DEFENDANTS FOR LACK OF ARTICLE III STANDING OR, IN THE ALTERNATIVE, FAILURE TO STATE A CLAIM.

Plaintiffs lack Article III standing to assert claims against certain Defendants under the Florida Civil Rights Act ("FCRA") (Count VII), the Arizona Civil Rights Act ("ACRA") (Count VIII), the Massachusetts Fair Employment Practices Act ("M.G.L. c. 151B") (Count XI) and the Minnesota Human Rights Act ("MHRA") (Count XII). "Article III of the Constitution permits federal courts to decide only 'Cases' or 'Controversies.'" *Laufer*, 22 F.4th at 876 (citing U.S. Const. art. III, § 2). To establish a case or controversy, a plaintiff must possess standing to sue, which means a plaintiff must have (1) "suffered an injury in fact," (2) that is "fairly traceable to the challenged action of the defendant," and (3) that is likely to be "redressed by a favorable decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "These requirements ensure that 'the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction.'" *Id.* (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

Moreover, "it is black-letter law that there must be a valid claim by a named plaintiff against each defendant." *See In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2020 WL 1676487, at *3 (D. Kan. Apr. 6, 2020), *aff'd sub nom. Kellogg v. Watts Guerra LLP*, 41 F.4th 1246 (10th Cir. 2022); *Warth v. Seldin*, 422 U.S. 490 (1975) (injury to absent class member does not satisfy standing requirement)). "[W]here there are multiple defendants and multiple ,and each claim." *Reniger v. Hyundai Motor Am.*, 122 F. Supp. 3d 888, 895 (N.D. Cal. 2015); *see also Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal. 2008).

Consideration of Article III standing "focuses on whether the plaintiff is the proper party to bring this suit." *Smith v. Pizza Hut, Inc.*, No. 09-cv-01632-CMA-BNB, 2011 WL 2791331, at *8 (D. Colo. July 14, 2011) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Id.* (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26 (1976)); *see also Clark v. Strad Energy Servs., USA, Ltd.*, No. 17-cv-1242-WJM-KMT, 2018 WL 3647922, at *4 (D. Colo. Aug. 1, 2018) (citing *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011)) ("Prior to class certification, the named plaintiffs' failure to maintain a live case or controversy is fatal to the case as a whole—that unnamed plaintiffs might have a case or controversy is irrelevant."). Courts may address standing prior to class certification where, as here, the only question is whether the named plaintiff has standing to bring claims under the laws of another state. *Clark*, 2018 WL 3647922, at *4 (citing *Smith*, 2011 WL 2791331, at *7).

"[A] plaintiff lacks standing to bring class claims on behalf of a class under the laws of states to which plaintiff has never been subject or where plaintiff has never resided." *Id*., at *5. As a result, Plaintiffs lack standing to bring claims against the following Defendants under the following laws because there is not a named Plaintiff who alleges harm traceable to each Defendant under that state's law:

- Florida (Count VII):  Plaintiff Benedict, an alleged Florida resident (Dkt. 26 ¶ 2), claims to have sought employment from the Boston Red Sox, Chicago Cubs, Cleveland Guardians, Colorado Rockies, Los Angeles Dodgers, New York Yankees and the San Diego Padres, (*Id.* ¶ 94.), which conveys him standing to assert FCRA claims against those Clubs and the MLB Defendants under a joint employer theory.[6] Other Plaintiffs allege to have sought employment from the Miami Marlins and the Tampa Bay Rays.  (*Id.* ¶ 94.) No Plaintiff alleges harm that can be redressed under Florida law against any of the other Defendants. Accordingly, all claims under FCRA against the remaining Defendants— namely, the Arizona Diamondbacks, Atlanta Braves, Baltimore Orioles, Chicago White Sox, Cincinnati Reds, Detroit Tigers, Houston Astros, Kansas City Royals, Los Angeles Angels, Milwaukee Brewers, Minnesota Twins, New York Mets, Oakland Athletics, Philadelphia Phillies, Pittsburgh Pirates, San Francisco Giants, Seattle Mariners, St. Louis Cardinals, Texas Rangers, Toronto Blue Jays and the Washington Nationals—should be dismissed for lack of Article III standing, or, in the alternative, for failure to state a claim

---

[6] Defendants do not concede that there is a joint employment relationship under any federal, state and/or city law invoked in the SAC, but acknowledge, for purposes of this motion, that Plaintiffs purport to proceed against the MLB Defendants under such a theory. *See also infra* at 33-35.

against these Defendants under Florida law (if any of these Defendants is subject to this Court's jurisdiction).

- <u>Arizona (Count VIII)</u>:  Plaintiff Bourjos is alleged to be an Arizona resident (*Id.* ¶ 3), who alleges to have sought employment with 25 Clubs and the MLB Defendants under a joint employer theory, thereby conferring standing to sue those Defendants under the ARCA.[7] Other Plaintiffs allege to have sought employment with the Arizona Diamondbacks. (*Id.* ¶ 94.)  No Plaintiff alleges harm that can be redressed under Arizona law against any other Defendants.  Accordingly, all claims under ARCA against the remaining Defendants—namely, Chicago White Sox, Miami Marlins, San Diego Padres and the St. Louis Cardinals—should be dismissed for lack of Article III standing or, in the alternative, for failure to state a claim against these Defendants under Arizona law (if any of these Defendants is subject to this Court's jurisdiction).

- <u>Massachusetts (Count XI)</u>:  Plaintiff Lekas is alleged to be a Massachusetts resident (*Id.* ¶ 8), which conveys him standing to assert claims under M.G.L. c. 151B against the ten (10) Clubs from which he sought employment, including the Boston Red Sox, and the MLB Defendants under a joint employer theory.[8] No Plaintiff alleges harm that can be redressed

---

[7] Bourjos alleges that he sought employment from the Atlanta Braves, Baltimore Orioles, Boston Red Sox, Chicago Cubs, Cincinnati Reds, Cleveland Guardians, Colorado Rockies, Detroit Tigers, Houston Astros, Kansas City Royals, Los Angeles Angels, Los Angeles Dodgers, Milwaukee Brewers, Minnesota Twins, New York Mets, New York Yankees, Oakland Athletics, Philadelphia Phillies, Pittsburgh Pirates, San Francisco Giants, Seattle Mariners, Tampa Bay Rays, Texas Rangers, Toronto Blue Jays and the Washington Nationals. (*Id.* ¶ 94.)

[8] Lekas alleges that he sought employment from the Boston Red Sox, Chicago Cubs, Cincinnati Reds, Colorado Rockies, Kansas City Royals, Los Angeles Angels, Miami Marlins, Milwaukee Brewers, San Diego Padres and the Tampa Bay Rays. (*Id.* ¶ 94.)

under Massachusetts law against any other Defendants. Accordingly, all claims under Massachusetts law against the remaining Defendants—namely, the Arizona Diamondbacks, Atlanta Braves, Baltimore Orioles, Chicago White Sox, Cleveland Guardians, Detroit Tigers, Houston Astros, Los Angeles Dodgers, Minnesota Twins, New York Mets, New York Yankees, Oakland Athletics, Philadelphia Phillies, Pittsburgh Pirates, San Francisco Giants, Seattle Mariners, St. Louis Cardinals, Texas Rangers, Toronto Blue Jays and the Washington Nationals—should be dismissed for lack of Article III standing or, in the alternative, for failure to state a claim against these Defendants under Massachusetts law (if any of these Defendants is subject to this Court's jurisdiction).

- Minnesota (Count XII):  Plaintiff McIntosh is alleged to be a Minnesota resident (*Id.* ¶ 9), which gives him standing to assert claims under the MHRA against the five (5) Clubs from which he sought employment, including the Minnesota Twins, and the MLB Defendants under a joint employer theory.[9] No Plaintiff alleges harm that can be redressed under the MHRA against any other Defendants.  Accordingly, all claims under the MHRA against the remaining Defendants—namely, Arizona Diamondbacks, Atlanta Braves, Baltimore Orioles, Chicago White Sox, Cincinnati Reds, Cleveland Guardians, Colorado Rockies, Detroit Tigers, Houston Astros, Kansas City Royals, Los Angeles Angels, Los Angeles Dodgers, Miami Marlins, Milwaukee Brewers, Oakland Athletics, Philadelphia Phillies, Pittsburgh Pirates, San Diego Padres, San Francisco Giants, Seattle Mariners, St. Louis Cardinals, Tampa Bay Rays, Texas Rangers, Toronto Blue Jays and the Washington

---

[9] McIntosh alleges that he sought employment from the Boston Red Sox, Chicago Cubs, Minnesota Twins, New York Mets and the New York Yankees. (*Id.* ¶ 94.)

Nationals—should be dismissed for lack of Article III standing or, in the alternative, for

failure to state a claim against these Defendants under Minnesota law (if any of these

Defendants is subject to this Court's jurisdiction).

Because Plaintiffs lack Article III standing to bring Counts VII, VIII, XI and XII against the

Defendants identified above, this Court should dismiss those claims as to those Defendants subject

to this Court's personal jurisdiction (if any other than the Colorado Rockies) for lack of subject

matter jurisdiction or, in the alternative, for failure to state a claim against those Defendants under

those state laws. These defects cannot be cured by hypothetical claims of absent putative class or

collective members.

## VI.     PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND.

After amending their Complaint twice, Plaintiffs have been unable to establish that this

Court has personal jurisdiction over the Non-Resident Defendants. Plaintiffs will be unable to

demonstrate that, given a third attempt, they could plead additional facts that would establish

personal jurisdiction. Accordingly, this Court should grant the Non-Resident Defendants' motion

and dismiss the SAC without leave to amend. *See, e.g., Goodwin v. Bruggeman-Hatch*, No. 13-

cv-02973-REB-MEH, 2014 WL 2109426, at *1 (D. Colo. May 20, 2014) (granting Rule 12(b)(2)

motion and denying leave to amend); *Rosenberg v. Deutsche Bank A.G.*, No. 11-cv-02200-WJM-

CBS, 2012 WL 3744631, at *5 (D. Colo. Aug. 28, 2012) (denying plaintiff's request for leave to

amend the complaint because it "would not change the Court's inability to maintain personal

jurisdiction over Defendants").

Moreover, the defects with Plaintiffs' state law claims cannot be cured by further

amendment. As such, any request for leave to amend those claims should be denied as futile. *See,*

*e.g., McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1258 (D. Colo. 2011) (denying plaintiff's request for leave to file an amended complaint where proposed amendment would be futile); *Brightspot Sols., LLC v. A+ Prod., Inc.*, No. 20-cv-03335-MEH, 2021 WL 2935942, at *12 (D. Colo. July 13, 2021) (denying leave to amend the complaint where plaintiff failed to cure deficiencies through two prior amendments).

## CONCLUSION

Defendants respectfully request that the Court dismiss the SAC as to the Non-Resident Defendants for lack of personal jurisdiction and for improper venue. If the Court exercises personal jurisdiction over any Defendant other than the Colorado Rockies, which it should not, the Defendants also request that the Court dismiss: (i) Counts V, VI, IX, X and XIV against them; (ii) Counts II and III as to all Defendants but the two Texas Defendants; (iii) Count IV as to all Defendants but the California Defendants; (iv) Count XIII as to all Defendants but the two Ohio Defendants; and (v) Counts VII, VIII, XI, and XII as to the specific Defendants identified in Point V, *supra*. Any request by Plaintiffs for leave to amend should be denied.

Dated:  October 10, 2023.

PROSKAUER ROSE LLP

*s/ Elise M. Bloom*
Elise M. Bloom
Neil H. Abramson
Adam M. Lupion
Eleven Times Square
New York, New York 10036
Tel. 212.969.3410
ebloom@proskauer.com
nabramson@proskauer.com
alupion@proskauer.com

FAEGRE DRINKER BIDDLE & REATH LLP

*s/ Mary L. Will*
Mary L. Will
Desmonne A. Bennett
Taylor N. Brook
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
mary.will@faegredrinker.com
desmonne.bennett@faegredrinker.com
taylor.brook@faegredrinker.com

***Attorneys for Defendants Robert Manfred, The Office of the Commissioner of Baseball, AZPB, L.P., Atlanta National League Baseball Club, Inc., Atlanta National League Baseball Club, LLC, Braves Holding, LLC, Boston Red Sox Baseball Club, L.P., Chicago Cubs Baseball Club, LLC, Chicago White Sox, Ltd., The Cincinnati Reds, LLC, Cleveland Guardians Baseball Company, LLC, Colorado Rockies Baseball Club, Ltd., Detroit Tigers, Inc., Houston Astros, LLC, Kansas City Royals Baseball Club LLC, Angels Baseball LP, Los Angeles Dodgers LLC, Marlins Teamco LLC, Milwaukee Brewers Baseball Club, Inc., Milwaukee Brewers Baseball Club, L.P., Minnesota Twins, LLC, Sterling Mets, L.P., New York Yankees Partnership, Athletics Investment Group LLC, The Phillies, Pittsburgh Associates, Padres L.P., San Diego Padres Baseball Club, L.P., San Francisco Baseball Associates LLC, Baseball Club of Seattle, LLLP, St. Louis Cardinals, LLC, Tampa Bay Rays Baseball Ltd., Rangers Baseball Express, LLC, Rangers Baseball, LLC, Rogers Blue Jays Baseball Partnership, Rogers Communications Inc., Washington Nationals Baseball Club, LLC***

FAEGRE DRINKER BIDDLE & REATH LLP

*s/ Mary L. Will*
Mary L. Will
Desmonne A. Bennett
Taylor N. Brook
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: 303-607-3500
mary.will@faegredrinker.com
desmonne.bennett@faegredrinker.com
taylor.brook@faegredrinker.com

***Attorneys for Defendants Baltimore Orioles, Inc. and Baltimore Orioles Limited Partnership***

## PRACTICE STANDARD III(A)(1) CERTIFICATION

I hereby certify that the foregoing motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), as modified by the Court's Order of October 3, 2023 (Dkt. 37).

*s/ Mary L. Will*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of October, 2023, a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** was e-filed with the Court and e-served through CM/ECF which will send notification of such filing to all registered participants.

<u>*s/ Veronica Thomas*</u>
Veronica Thomas, Legal Administrative Assistant