# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-1563-KAS

JAMES S. BENEDICT, CHRISTOPHER BOURJOS, RICHARD T. INGALLS, RANDALL G. JOHNSON, STEVEN E. JONGEWAARD, WILLIAM C. LATHAM, THEODORE LEKAS JR., TIMOTHY A. MCINTOSH, STEVEN POPE, RICK L. RAGAZZO, PAUL W. RUNGE, JEFFREY N. SCHOLZEN, DENNIS M. SHEEHAN, CHRISTOPHER J. SMITH, SCOTT TRCKA, GREGORY G. WHITWORTH and ROBERT D. WILFONG, individually and on behalf of all other similarly situated individuals,

Plaintiffs,

v.

ROBERT MANFRED, COMMISSIONER OF BASEBALL; THE OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association also d/b/a MAJOR LEAGUE BASEBALL, AZPB LIMITED PARTNERSHIP; ATLANTA NATIONAL LEAGUE BASEBALL CLUB, LLC; BALTIMORE ORIOLES LIMITED PARTNERSHIP; BOSTON RED SOX BASEBALL CLUB L.P.; CHICAGO CUBS BASEBALL CLUB, LLC ; CHICAGO WHITE SOX, LTD.; THE CINCINNATI REDS, LLC; CLEVELAND GUARDIANS BASEBALL COMPANY, LLC; COLORADO ROCKIES BASEBALL CLUB, LTD.; DETROIT TIGERS, INC.; HOUSTON ASTROS, LLC; KANSAS CITY ROYALS BASEBALL CLUB LLC; ANGELS BASEBALL LP; LOS ANGELES DODGERS LLC; MARLINS TEAMCO LLC; MILWAUKEE BREWERS BASEBALL CLUB, L.P.; MINNESOTA TWINS, LLC; STERLING METS, L.P.; NEW YORK YANKEES PARTNERSHIP; ATHLETICS INVESTMENT GROUP LLC D/B/A OAKLAND ATHLETICS BASEBALL COMPANY; THE PHILLIES; PITTSBURGH ASSOCIATES; PADRES L.P.; SAN FRANCISCO BASEBALL ASSOCIATES LLC; THE BASEBALL CLUB OF SEATTLE, LLLP; ST. LOUIS CARDINALS, LLC; TAMPA BAY RAYS BASEBALL LTD.; RANGERS BASEBALL, LLC; ROGERS BLUE JAYS BASEBALL PARTNERSHIP; and WASHINGTON NATIONALS BASEBALL CLUB, LLC,

Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of conference: October 23, 2023

1

Counsel for all Plaintiffs:

1. Robert E. Goodman, Jr.
2. Mitchell C. Abeita
3. Eric N. Roberson

Kilgore & Kilgore, PLLC
3141 Hood Street, Ste. 500, Dallas, TX 75219
214-969-9099 (Goodman)
214-379-0833 (Abeita)
214-379-0817 (Roberson)
214 -379-0837 (Facsimile)

Counsel for Defendants other than Baltimore Orioles Limited Partnership:

1. Adam M. Lupion
2. Elise Bloom
3. Margaret Swetman
4. Neil H. Abramson

Proskauer
Eleven Times Square
New York, NY 10036-8299
T: 212-969-3358
F: 212-969-2900

5. Mary L. Will
6. Taylor N. Brook

Faegre Drinker Biddle & Reath LLP
1144 15th Street, Suite 3400
Denver, CO 80202
T: 303-607-3771
F: 303-607-3600

Counsel for Defendant Baltimore Orioles Limited Partnership:

1. Mary L. Will
2. Taylor N. Brook

Faegre Drinker Biddle & Reath LLP
1144 15th Street, Suite 3400

Denver, CO 80202
T: 303-607-3771
F: 303-607-3600

## 2.  STATEMENT OF
## JURISDICTION

<u>Plaintiffs' Position</u>

1.       This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Plaintiffs assert claims under the federal Age Discrimination in Employment Act (29 U.S.C. § 621, et. seq.; "ADEA"). This Court has supplemental jurisdiction over the Plaintiffs' state statutory claims pursuant to 28 U.S.C. § 1367. The District of Colorado, Denver Division, is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2).

2.       Plaintiff has been served with a Motion to Dismiss based on personal jurisdiction by MLB Defendants and Club Defendants other than Defendant Colorado Rockies, who have answered. Plaintiff will timely file a response in accordance with the Court's scheduling order in this action. Plaintiffs assert that this Court has personal jurisdiction over all of the Defendants for this collective action based on their conduct within the State of Colorado under the Constitution and current federal and Colorado law related to personal jurisdiction.

<u>Defendants' Position</u>

1.       For the reasons set forth in Defendants' Motion to Dismiss, this Court does not have personal jurisdiction over any Defendant other than the Colorado Rockies.  Likewise, venue is not proper in this district for any Defendant other than the Colorado Rockies.  The contacts of the Colorado Rockies in this district cannot be imputed to any other Defendant for purposes of personal jurisdiction and/or venue.

2.       Defendants agree that this Court has federal question subject matter jurisdiction by virtue of the federal Age Discrimination in Employment Act claim (but denies all alleged violations of that statute), and that the Court can exercise supplemental jurisdiction over certain state and city law claims, but only over those state and city law claims for which personal jurisdiction exists and for which Plaintiffs have Article III standing.  For the reasons set forth in Defendants' Motion to Dismiss, Plaintiffs lack Article III standing to bring a number of state law claims (and one city law claim) against certain Defendants.  The Court does not have subject matter jurisdiction over those state law claims where Article III standing is lacking and those claims are subject to dismissal for failure to state a claim.

## 3.  STATEMENT OF CLAIMS AND
## DEFENSES

a.       Plaintiffs: Refusal to rehire in violation of the ADEA, and similar state statutes prohibiting age discrimination. As a joint employer, MLB and its clubs have coordinated a systemic

3

termination and related refusal to rehire a group of age protected former professional scouts. Evidence of the joint employer status of the Commissioner, its participation in a common plan with, and its aiding and abetting, the MLB clubs who have refused to rehire such class of individuals, and the collective concerted action of such MLB clubs and the Commissioner in that regard, includes, but is not limited to, a blacklist of scouts formerly associated with one or more MLB clubs provided to one or more of the MLB clubs refusing to rehire such individuals, or one or more other directives by the Commissioner to one or more such clubs frustrating or otherwise preventing the rehiring of such individuals, or both.

b.      Defendants:  Plaintiffs' claims fail as a matter of law for all of the reasons set forth in Defendants' Motion to Dismiss, including because (i) the Court lacks personal jurisdiction over all Defendants other than the Colorado Rockies; (ii) venue is improper as to all Defendants other than the Colorado Rockies; (iii) Plaintiffs state and city law claims fail to state a claim as a matter of law; and (iv) Plaintiffs lack Article III standing to bring all state and city law claims against all Defendants.  Without prejudice to or waiver of any argument in Defendants' Motion to Dismiss, Defendants deny any unlawful activity under any federal, state and/or city law.  All employment decisions with respect to Plaintiffs were based on legitimate business reasons unrelated to Plaintiffs' ages.  Defendants further deny that there is a joint employer relationship and deny the existence of the so-called evidence cited in support thereof as alleged in the preceding paragraph.

## 4.  UNDISPUTED
## FACTS

The following facts are undisputed:

1.  Defendants have all either been served or waived service of process, with counsel for each Defendant having filed notices of appearance, without waiver of or prejudice to Defendants' arguments regarding personal jurisdiction.

## 5.  COMPUTATION OF
## DAMAGES

<u>Plaintiffs</u>

Plaintiffs seek all applicable damages under the ADEA, and where applicable, state statutes against age discrimination. ADEA damages include back pay, liquidated damages, front pay, attorney fees, and costs of court. ADEA "liquidated damages" are appropriate where the plaintiff proves that the employer's age discrimination was willful (that is, knowing and intentional). Damages on Plaintiffs' various state statute claims also may include back pay, front

2

pay, damages for emotional distress, mental anguish, inconvenience and loss of enjoyment of life; punitive and/or liquidated damages; attorneys' fees and costs of court. Liquidated damages under the ADEA may equal back pay.

Evidence shall include W-2 computations of wage information and Plaintiffs anticipate retaining expert(s) to provide reports concerning the earning potential and capacity of each individual plaintiff.

It is premature to calculate Plaintiffs' damages.

<u>Defendants</u>

Defendants deny that Plaintiffs are entitled to any damages of any type. Defendants are not seeking damages from Plaintiffs at this time.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting:

September 26, 2023

b.      Names of each participant and party he/she represented.

Counsel for all Plaintiffs:

1. Robert E. Goodman, Jr.
2. Mitchell C. Abeita
3. Eric N. Roberson

Kilgore & Kilgore, PLLC
3141 Hood Street, Ste. 500, Dallas, TX 75219
214-969-9099 (Goodman)
214-379-0833 (Abeita)
214-379-0817 (Roberson)


Counsel for Defendants other than Baltimore Orioles Limited Partnership:

1. Adam M. Lupion
2. Elise Bloom

Proskauer
Eleven Times Square
New York, NY 10036-8299
T: 212-969-3358
F: 212-969-2900

3.  Mary L. Will

Faegre Drinker Biddle & Reath LLP
1144 15th Street, Suite 3400
Denver, CO 80202
T: 303-607-3771
F: 303-607-3600

Counsel for Defendant Baltimore Orioles Limited Partnership:

1.  Mary L. Will

Faegre Drinker Biddle & Reath LLP
1144 15th Street, Suite 3400
Denver, CO 80202
T: 303-607-3771
F: 303-607-3600

4.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiffs propose initial disclosures be served by October 31, 2023.

Defendants propose that all discovery is stayed in light of the substantial questions raised concerning this Court's jurisdiction and the deficiencies with Plaintiffs' claims, which cannot be cured with any amendment, as set forth in Defendants' Motion to Dismiss.  In the event any claims survive, Defendants propose serving initial disclosures within 45 days of the Court's disposition of the motion.

5.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

Plaintiffs proposed that initial disclosures be served by October 31, 2023.

Defendants propose that all discovery is stayed in light of the substantial questions raised concerning this Court's jurisdiction and the deficiencies with Plaintiffs' claims, which cannot be cured with any amendment, as set forth in Defendants' Motion to Dismiss.  In

the event any claims survive, Defendants propose serving initial disclosures within 45 days of the Court's disposition of the motion.

6.    Statement concerning any agreements to conduct informal discovery:

Plaintiffs propose that the Parties agree to standard interrogatories and document requests for each Plaintiff and each Club Defendant.

Defendants propose that all discovery is stayed in light of the substantial questions raised concerning this Court's jurisdiction and the deficiencies with Plaintiffs' claims, which cannot be cured with any amendment, as set forth in Defendants' Motion to Dismiss. In the event any claims survive, Defendants do not agree to conduct informal discovery at this time and believe formal application of the discovery rules will assist all parties in maintaining proper organization of the case. In the event any claims survive, Defendants will reassess whether informal discovery might be productive for all parties.

7.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Plaintiffs propose that the parties stipulate to remote non-stenographic depositions by Zoom or other video service under Rules 30(b)(3)(B) and 30(b)(4), and provided, however, that if one party seeks by agreement or notice such a remote deposition, that an attorney for the other Party, may at its own expense be physically present if the deponent is otherwise considered to be that Party's witness. Additionally, should Defendants wish to have a court reporter record the deposition stenographically they may cross-notice the deposition for such purposes. The noticing party may elect to record non-stenographically without prejudicing the opposing party's ability to cross-notice and supply its own court reporter.

Defendants propose that all discovery is stayed in light of the substantial questions raised concerning this Court's jurisdiction and the deficiencies with Plaintiffs' claims, which cannot be cured with any amendment, as set forth in Defendants' Motion to Dismiss. In the event any claims survive, Defendants agree to Plaintiffs' proposal, except all depositions shall be recorded stenographically and by any other means reflected in a deposition notice and/or subpoena. Counsel for any party shall have the right to be physically present at any deposition, at its own expense, on at least ten-days written notice to counsel for the other party.

g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiffs assert that there will be extensive discovery of extensive electronically stored

information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Defendants assert that there may be substantial electronic discovery in this matter. Defendants are appropriately and reasonably preserving relevant electronically stored information. Defendants propose that the parties work collaboratively at the appropriate time after a ruling on the Defendants' Motion to Dismiss, to prepare an ESI protocol that will address facilitation of electronic discovery, reduction in costs and delay, and procedures and agreement related to confidentiality and privilege. Defendants assert that any assessment of the scope of electronic discovery or the specific procedures for addressing electronic discovery is premature at this time.

h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

<u>Plaintiffs</u>

At this time settlement appears to be premature. The total number of plaintiffs who will be joined in this action is unknown. Defendants have not answered or filed Rule 12 motions as of the date of this filing.

Plaintiffs have advised Defendants they are willing to discuss settlement on broad terms that would include:

(a) An agreed settlement of this action as a collective action;
(b) Containing minimum and maximum collective settlement amounts.
(c) Subject to claim reviews by an independent special master for each member of the collective action;
(d) In which the parties would be allowed to present an expert report on damages, including liquidated damages, as to each Plaintiff (including named Plaintiffs and persons who have opted into this collective action) and the special master could determine a damages amount for each Plaintiff including accepting either report or making a reasoned determination of an intermediate amount;
(e) If the total amount of damages found by the special master are more than the maximum or less than the minimum amount, that the amount awarded will be adjusted on a pro-rata basis;
(f) Attorney fees and costs of court.
(g) Named Plaintiff premium as allowed by applicable caselaw.

<u>Defendants</u>

Defendants assert that settlement, including on Plaintiffs' terms as set forth above, is premature.

**7.**
**CONSENT**

All parties        □ [ have ]        □**X** [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY
## LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Plaintiffs asserts that this is far from a standard case and that the standard discovery limitations should not apply. Given that there are 32 Defendants in this matter, Plaintiff would propose that multiple depositions per defendant are warranted. Indeed, at this time, Plaintiff has identified as many as 205 possible persons to depose in this matter. Likewise, the standard maximum number of 25 interrogatories should be disregarded.

Defendants disagree with Plaintiffs' proposal.  In the event any claims survive the Motion to Dismiss, Plaintiffs should be entitled to (i) one deposition per Defendant (or, if less than 10 Defendants following disposition of Defendants' Motion to Dismiss, a total of ten depositions (*see* Fed. R. Civ. P 30(a)(2)(A)(i)); and (ii) the standard maximum number of 25 interrogatories per Defendant.  Defendants shall be entitled to depose each Named Plaintiff.  Defendants reserve the right to seek discovery from opt-ins and/or absent class members in the event any class is certified or notice is issued to any members of a collective and individuals opt in.

b.    Limitations which any party proposes on the length of depositions.

Plaintiffs assert that the standard 1-day, 7-hour limit should apply, but that at least 10 depositions per side be allowed for prior designation as a principal deposition with a 2-day and 14-hour limit.

Defendants assert that the standard 1-day, 7-hour limit should apply to all depositions subject to any Party's right to seek additional time for cause.

c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

This is a complex case, and Plaintiffs assert that there should be no limits on the requests for production or admission.

Defendants assert that the standard limits apply to requests for production and/or admission.

d.   Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.

Plaintiffs request that fact discovery open on December 1, 2023, and that requests be served by November 1, 2023.

Defendants propose that all discovery is stayed in light of the substantial questions raised concerning this Court's jurisdiction and the deficiencies with Plaintiffs' claims, which cannot be cured with any amendment, as set forth in Defendants' Motion to Dismiss. In the event any claims survive, Defendants propose serving initial written discovery within 60 days of the Court's disposition of the motion.

e.   Other Planning or Discovery Orders

None at this time.

## 9. CASE PLAN AND SCHEDULE

Plaintiffs' Position

a.   Deadline for Joinder of Parties and Amendment of Pleadings:

b.   Discovery Cut-off: December 1, 2024

c.   Dispositive Motion Deadline: January 31, 2025

d.   Expert Witness Disclosure

1.   The parties shall identify anticipated fields of expert testimony, if any.

2.   Limitations which the parties propose on the use or number of expert witnesses. None proposed.

3.   The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 1, 2024.

4.   The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 1, 2024.

8

e.   Identification of Persons to Be Deposed: See attached Exhibit A.

Defendants' Position

Defendants assert that no scheduling deadlines should be set until after disposition of Defendants'
Motion to Dismiss.  Defendants' Motion to Dismiss raises jurisdictional challenges with respect to
all parties except the Colorado Rockies, and challenges various state law claims alleged by
Plaintiffs, which cannot be cured with any amendment.  A determination in Defendants' favor will
reduce the scope and breadth of discovery, may impact the experts necessary for the case, and
would change the claims at issue, all of which would impact any proposed schedule.  Defendants
assert that the parties should meet and confer to discuss scheduling deadlines within fourteen days
of the Court's disposition of Defendants' Motion to Dismiss.

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not
already set deadlines by an order filed before the conference.]*

a.      Status conferences will be held in this case at the following dates and times:

_____.

b.      A final pretrial conference will be held in this case on _____ at o'clock _____m.  A
Final Pretrial Order shall be prepared by the parties and submitted to the court no later than
seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort,
were unable to reach an agreement.

The Parties are currently not in agreement as to _____.

b.      Anticipated length of trial and whether trial is to the court or jury.

Plaintiffs' Position
One month.

9

Defendants' Position

Any estimate as to the length of a trial, if any, would be premature at this stage.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wasatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client. Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case. With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a). Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 20___.

BY THE COURT:

_____
United States Magistrate Judge

**APPROVED:**

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Mitchell C. Abeita
State Bar No. 24103694
mca@kilgorelaw.com

Eric N. Roberson
enr@kilgorelaw.com
State Bar No. 00792803
Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 979-9699
(214) 379-0840
**ATTORNEYS FOR PLAINTIFFS**

PROSKAUER ROSE LLP

*s/ Elise M. Bloom*
Elise M. Bloom
Neil H. Abramson
Adam M. Lupion
Eleven Times Square
New York, New York 10036
Tel. 212.969.3410
ebloom@proskauer.com
nabramson@proskauer.com
alupion@proskauer.com

FAEGRE DRINKER BIDDLE & REATH LLP

*s/ Mary L. Will*
Mary L. Will
Desmonne A. Bennett
Taylor N. Brook
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
mary.will@faegredrinker.com
desmonne.bennett@faegredrinker.com
taylor.brook@faegredrinker.com

*Attorneys for Defendants Robert Manfred, The Office of the Commissioner of Baseball, AZPB,*

11

*L.P., Atlanta National League Baseball Club, Inc., Atlanta National League Baseball Club, LLC, Braves Holding, LLC, Boston Red Sox Baseball Club, L.P., Chicago Cubs Baseball Club, LLC, Chicago White Sox, Ltd., The Cincinnati Reds LLC, Cleveland Guardians Baseball Company, LLC, Colorado Rockies Baseball Club, Ltd., Detroit Tigers, Inc., Houston Astros, LLC, Kansas City Royals Baseball Club LLC, Angels Baseball LP, Los Angeles Dodgers LLC, Marlins Teamco LLC, Milwaukee Brewers Baseball Club, Inc., Milwaukee Brewers Baseball Club, L.P., Minnesota Twins, LLC, Sterling Mets, L.P., New York Yankees Partnership, Athletics Investment Group LLC, The Phillies, Pittsburgh Associates, Padres L.P., San Diego Padres Baseball Club, L.P., San Francisco Baseball Associates LLC, Baseball Club of Seattle, LLLP, St. Louis Cardinals, LLC, Tampa Bay Rays Baseball Ltd., Rangers Baseball Express, LLC, Rangers Baseball, LLC, Rogers Blue Jays Baseball Partnership, Rogers Communications Inc., Washington Nationals Baseball Club, LLC*

FAEGRE DRINKER BIDDLE & REATH LLP

*s/ Mary L. Will*
Mary L. Will
Desmonne A. Bennett
Taylor N. Brook
1144 15th Street, Suite 3400
Denver, CO 80202
Telephone: 303-607-3500
mary.will@faegredrinker.com
desmonne.bennett@faegredrinker.com
taylor.brook@faegredrinker.com

*Attorneys for Defendant Baltimore Orioles Limited Partnership*

12